[No. 5376. Decided April 15. 1905.]

MAUD I. HARRIS, a Minor, by Mattie S. Harris, her Guardian ad Litem, Appellant, v. W. H. COWLES, Respondent.[1]

NEGLIGENCE—OWNER OF BUILDING—INJURY TO CHILD IN CIRCULAR ENTRANCE—DOCTRINE OF TURNTABLE CASES. An action against the owner of a building for personal injuries, sustained by a child in a "circular entrance," cannot be maintained on the theory that the same was peculiarly attractive to children, and should have been watched or guarded, under the doctrine of the turntable cases; since that would have been impracticable with a device in constant use, and since the doctrine of the turntable cases is not to be extended.

PLEADINGS—COMPLAINT—AMENDMENT—DISCRETION. It is within the discretion of the trial court to refuse to allow a third amended complaint to be filed, after having considered the original and two amended complaints, and having sustained a demurrer to the second amendment for want of sufficient facts.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered May 2, 1904, dismissing an action for personal injuries, upon sustaining a demurrer to an amended complaint. Affirmed.

*Robertson, Miller & Rosenhaupt,* for appellant, as illustrations of the extension of the doctrine of the turntable cases, cited: *Edgington v. Burlington etc. R. Co.,* 116

[1]Reported in 80 Pac. 537.

Iowa 410, 90 N. W. 95, 57 L. R. A. 561; *Birge v. Gardner,* 19 Conn. 507, 50 Am. Dec. 261, 24 L. R. A. 387; *Hydraulic Works Co. v. Orr,* 83 Pa. St. 332; *Union Pac. R. Co. v. McDonald,* 152 U. S. 262, 14 Sup. Ct. 619; *Stendal v. Boyd,* 67 Minn. 279, 69 N. W. 899; *Ferguson v. Columbus etc. R. Co.,* 75 Ga. 637; *Union Pac. R. Co. v. Dunden,* 37 Kan. 1, 14 Pac. 501; *Chicago etc. R. Co. v. Fox* (Ind.), 70 N. E. 81; *Chicago etc. R. Co. v. Krayenbuhl,* 65 Neb. 889, 91 N. W. 880; *Atchison etc. R. Co. v. Bailey,* 11 Neb. 332, 9 N. W. 50.

*H. M. Stephens,* for respondent. The doctrine of the turntable cases should not be extended. *Clark v. Northern Pac. R. Co.,* 29 Wash. 139, 69 Pac. 636; *Paolino v. McKendall,* 24 R. I. 432, 53 Atl. 268, 96 Am. St. 736; *Erickson v. Great Northern R. Co.,* 82 Minn. 60, 84 N. W. 462, 83 Am. St. 410, 51 L. R. A. 645; *O'Leary v. Brooks Elev. Co.,* 7 N. D. 554, 75 N. W. 919, 41 L. R. A. 677; *Uthermohlen v. Bogg's Run Co.,* 50 W. Va. 457, 40 S. E. 410, 88 Am. St. 884, 55 L. R. A. 911; *Brinkley Car Works etc. Co. v. Cooper,* 70 Ark. 331, 67 S. W. 752, 57 L. R. A. 724; *Louisville etc. R. Co. v. Hart* (Ky.), 70 S. W. 830; *Hughes v. Boston etc. R. Co.,* 71 N. H. 279, 51 Atl. 1070, 93 Am. St. 518; *Peninsular Trust Co. v. Grand Rapids,* 131 Mich. 571, 92 N. W. 38; *Simonton v. Citizens' Elec. L. etc. Co.,* 28 Tex. Civ. App. 374, 67 S. W. 530; *Loftus v. Dehail,* 133 Cal. 214, 65 Pac. 379; *Peters v. Bowman,* 115 Cal. 345, 47 Pac. 113, 598, 56 Am. St. 106; *Walsh v. Hayes,* 72 Conn. 397, 44 Atl. 725; *Chesley v. Rocheford & Gould* (Neb.), 96 N. W. 241; *Richards v. Connell,* 45 Neb. 467, 63 N. W. 915; *Conway v. Vezzetti,* 69 N. J. L. 235, 54 Atl. 226; *Smith v. Hopkins,* 120 Fed. 921; *Delaware etc. R. Co. v. Reich,* 61 N. J. L. 635, 40 Atl. 682, 68 Am. St. 727, 41 L. R. A. 831; *Gillespie v. McGowan,* 100

Pa. St. 144, 45 Am. Rep. 365; *Klix v. Nieman,* 68 Wis. 271, 32 N. W. 223, 60 Am. Rep. 854; *Ryan v. Towar,* 128 Mich. 463, 87 N. W. 644, 92 Am. St. 481, 55 L. R. A. 310.

HADLEY, J.—This is an action to recover damages for injuries received by a child from a revolving door. The second amended complaint alleges, that the defendant is the owner of the structure known as the "Review Building," in the city of Spokane, and that, on the 11th day of October, 1903, there was maintained as a part of said structure a device known as a "circular entrance," which was composed of a circular shell, about five feet in diameter and seven feet high, with an opening on each side thereof for persons to enter the building; that on the inside of said circular shell was a revolving door which divided the interior space into four apartments, each apartment being separated from others by wings constructed of heavy wooden material, which wings were securely fastened together and revolved upon pivots, one in the floor below and one at the top; that the circular entrance was so arranged that persons desiring to enter the building passed through the first opening of the shell into one of the apartments, and pressed against the wing in front, which would revolve to the opposite opening or exit from the shell; that each apartment was large enough to accommodate one person in entering or leaving the building; that the wings were so constructed that the outer edges thereof came close up to the shell, and left only sufficient space to avoid friction; that the defendant negligently constructed and maintained said entrance in this, that the apartments were too small, and the wings in revolving came close up to the sharp edges of the jambs of the openings; that in revolving there was nothing to prevent the limbs or body of a

person from being caught between the jambs and partition immediately behind the person thus imperiled; that, by virtue of the manner in which the device was constructed and operated, revolving as it did upon pivots, it was particularly enticing to children of tender years, and of the age of the plaintiff; that the Review Hotel is conducted in the building, and a great many rooms therein are rented to families; that children are frequently in the hallways for purposes of play, at all hours of the day and evening; that the defendant knew that children resorted to said entrance for the purposes of play; that the place was peculiarly dangerous as a resort for children of tender years, and that it was left unguarded and unprotected. It is further alleged that, while passing through the entrance, the plaintiff's right wrist was caught between the outer edge of one of the wings and the jamb, causing her to be severely injured. The defendant demurred to the complaint upon the ground that it does not state sufficient facts to constitute a cause of action. The demurrer was sustained. Application was then made by plaintiff for leave to file a third amended complaint, which was denied, and thereupon, on motion of the defendant, judgment was entered dismissing the action. The plaintiff has appealed.

It is assigned that the court erred in sustaining the demurrer to the complaint. The complaint states that the appellant is a child of tender years, but her age is not stated. There is no allegation which shows that the respondent was, at the time, under any relation of duty to the appellant, other than that which he owed to an ordinary trespasser, or at most to a mere licensee. There is no allegation showing that the door was not so constructed as to safely answer the purposes for which it was intended, when used for that purpose only, viz., for passage to and from the building. If the complaint states a cause of ac-

tion, it must be upon the theory that the device was pecul-. iarly attractive to children, and that the doctrine of the "turntable cases" should be invoked in appellant's behalf. To that subject the principal arguments in the briefs are directed. It would be difficult to apply the turntable rule to a device of this kind, intended as it was for constant use in passing to and from the building. It could not be used for the purpose intended if it should be locked. The rule of the turntable cases requires that the device shall be kept locked or guarded when not in use, and it is well known that the ordinary turntable is only used occasionally. The purpose of this circular door, however, requires that it shall be subject to the uses of ordinary passage at any moment, and it is manifestly impracticable to keep it locked or guarded, if it serves the purposes intended.

In *Clark v. Northern Pac. R. Co.*, 29 Wasn. 139, 69 Pac. 636, 59 L. R. A. 508, this court recognized that it had already applied the doctrine of the turntable cases to a turntable itself. It was stated in that case that those cases "are based upon the theory that a turntable is a machine of such a nature as to attract children to play with it, and being inherently dangerous for children to handle, negligence is predicated upon the failure to lock it or securely fasten it so that it cannot be moved by children." While it was also said in that case that the railway company had not placed upon its premises a dangerous machine or device that was, in its nature and at once, particularly attractive to children, yet because the application of the doctrine was invoked we said: "But, in view of the more modern tendency of the courts, we should. however, hesitate to extend the rule as one of general application to other conditions;" and cited authority to the effect that the modern tendency is, at least, against the extension of the doctrine. Again, in the recent case of *Curtis v. Tenino*

*Stone Quarries,* 37 Wash. 355, 79 Pac. 955, decided by
this court, the same doctrine was invoked as applying to the
machinery used about a stone quarry.· The opinion quotes
with approval from that of the *Clark* case, and adds:

"To hold, as a general and universal rule of law, that
the owners of mills and factories must so construct and
maintain their premises as to be reasonably safe for tres-
passers, infants or adults, regardless of how they may gain
admission, would be destructive of all industry and all
property rights."

We therefore think it has already been made clear by
former decisions that this court will not extend the appli-
cation of the doctrine of the turntable cases beyond a turn-
table itself.   Whatever may be said of the wisdom of that
rule, as applied to the one condition, established as it was
by judicial decisions, but severely criticized by others re-
fusing to follow it, still, when we contemplate its exten-
sion to the manifold other relations and conditions which
arise in the affairs of life, we must see that it would be
productive of litigation to such an extent as would greatly
endanger the security of property interests.   It is aptly
suggested by respondent, in his brief, that swings, teeter
boards, lumber piles, fences, gates, walls, buildings, trees,
hanging on vehicles, and numerous other similar things are
attractive to children.   It will, therefore, be seen that, if
this doctrine should be made one of general application for
the protection of children against everything that may be
especially attractive to them, it would result in requiring
all property holders to assume toward children who may be
attracted to their premises a degree of duty and care which
properly belongs to parents or guardians.     Respondent
cites authorities which strongly support us in these views,
but, inasmuch as we have before discussed this subject,

we shall not take the space to review them here. We think the court did not err in sustaining the demurrer.

It is further urged that it was error to refuse appellant permission to file a third amended complaint. We think the court did not abuse its discretion in that regard. Three complaints, the original and two amended ones, had been filed, and it was within the limits of reasonable discretion that the court should refuse to consider a fourth one.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.