Mayfield Water & Light Co., &c., v. Webb's Admr.

judgment and enter in lieu thereof another in conformity to the opinion.

---

CASE 36.—ACTION BY CHARLEY M. WEBB'S ADMR.
AGAINST THE MAYFIELD WATER & LIGHT CO.
AND ANOTHER FOR DAMAGES FOR CAUSING
INTESTATES DEATH.—June 20.

# Mayfield Water & Light Co., &c. v. Webb's Admr.

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for plaintiff. Defendants appeal.—Reversed.

1. Electricity—Injuries Incident to Use.—Where electric light wires are put upon poles and placed 18 feet above the street, the owner need not anticipate that children will reach such wires by climbing poles or walking up guy wires which extend from the top of a pole to the ground at an angle of 45 degrees.

2. Negligence—Children—Trespassing.—Where children trespass on the property of another, they take the risk, unless the circumstances in the case are within the principle applicable to cases where dangerous instrumentalities are maintained alluring to children.

3. Same—Places Attractive to Children.—An electric wire, 18 feet above the ground, which could only be reached by climbing a pole or guy wires stretched from a pole to the ground at an angle of 45 degrees, was not a dangerous instrumentality attractive or alluring to children.

ROBBINS & THOMAS for appellant Water and Light Company.

Mayfield Water & Light Co., &c., v. Webb's Admr.

## AUTHORITIES CITED.

Joyce on Electric Law, vol. 2, sec. 610; Louisville-Portland Canal Co. v. Murphy, 9 Bush, 522; Ryan v. Towar, 55 L. R. A., 310; Brinkley Car Works Mfg. Co. v. Cooper, 57 Lawyers' Reports, Annotated; L. & N. R. R. Co. v. Webb, 99 Ky. Law Rep., 332; 12 Bush, 41; 81 Ky., 638; 29 Southwestern Rep., 978; 30 Southwestern Rep., 1010; 34 Southwestern 505; 7 Ky. Law Rep., 3; 11 Ky. Law Rep., 825; Johnsons v. Paducah Ladder Co., 29 Ky. Law Rep., 59; 97 American Decisions, 634.

W. B. STANFIELD for telephone company.

## POINTS AND AUTHORITIES.

1. The maintenance of guy-wires by telephone companies in safe, customary and usual manner to brace their poles along a highway, such guy-wires being constructed in the usual, standard, customary and necessary manner and not shown to be unnecessary or improper, is not an invitation to children to use them or to climb them, so as to make the telephone company liable for injuries received while attempting to climb them. (Simonton v. Citizen's Electric Light & Power Co., 67 S. W., 530; Louisville & Nashville R. R. Co. v. Webb, 99 Ky. Law Rep., 332; 57 L. R. A., 724; 29 Ky. Law Rep., 59; 9 Bush, 522; 55 L. R. A., 310; 23 Ky. Law Rep., 684; 6 L. R. A., 290—New Series; 52 S. W., 830.)

2. Where the owner makes use of his property as others ordinarily do throughout the country, there is not in legal contemplation any evidence from which a court or jury may find that he invited the party injured thereon, though it be conceded that his property was calculated to, and did not attract him. It is only when one maintains upon his premises something which on account of its nature and surroundings is especially and unusually calculated to attract that the court or jury may find an invitation. (87 S. W., 530; 9 Bush, 522.)

3. Whenever a person leaves the street and climbs· upon a telephone pole, or as in this case climbs a telephone guy-wire such person is a trespasser. (Augusta Railway Company v. Andrews, 16 S. E., 203; Joyce on Electricity, sec. 610.)

4. The immediate or proximate cause of the accident to the decedent was not climbing the guy-wire but coming in contact with an electric light wire over which the Mayfield Home Telephone Company had no control, which guy-wire was stationed 8 inches from said electric light wire, which was a distance con-

ceded by all parties to be the usual, safe, customary and necessary distance.

5. It would be unwise to extend the doctrine of the Turntable cases to cases of this character. In all turntable cases the invitation is implied from the fact that the turntable was left unlocked, so that it would or could be used by children as a plaything.

6. No issue of negligence could arise on the allegations of the petition by reason of the defendant Home Telephone Company having erected its guy-wire in the manner it did. The plaintiff's decedent was not injured while using the highway but while going upon and using for purposes of amusement the defendant's guy-wire, thereby becoming a trespasser. (28 S. W., 1069; 36 S. W., 431; 99 Ky. Law Rep., 332.)

W. J. WEBB for appellee.

WEAKES & WEAKES of counsel.

PROPOSITIONS STATED AND AUTHORITIES RELIED UPON.

1. It was the duty of appellants to só construct their system, as not to be attractive to children, and if they were so constructed, it was their duty to exercise ordinary care to keep the same free from danger to children, who might be attracted thereto. (Bransom's Admr. v. Labrot, 81 Ky., 638; 1 Addison on Torts, 511; 1 Thompson on Negligence, 304-5; Illinois Central Railroad Company v. Wilson, 23 Ky. Law Rep., 684.)

2. It was the duty of appellants to have had their wires free from danger to children, who might come in contact therewith. (McLaughlin v. Louisville Light Company, 100 Ky., 193; Thompson, &c., v. City of Somerset, 30 Ky. Law Rep., 131; Macon, &c., v. Paducah Street Railway Company, 23 Ky. Law Rep., 47; City of Owensboro v. York's Admr., 25 Ky. Law Rep., 1397; Louisville Railway Company v. Esselsman, 29 Ky. Law Rep., 333.)

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The Mayfield Water & Light Company maintains a system of electric lights in Mayfield. It erected along College Cross street a line of poles 18 feet high,

and at the top of the poles on a cross-arm it placed two electric wires 20 inches apart and 18 feet from the ground.  After this had been done, the Home Telephone Company put up a line of poles along the street 30 feet high, and on these poles it placed wire cables containing its telephone wires.  At the intersection of Sixth street, the telephone poles turned in Sixth street, and to keep its pole straight at this point it attached two guy wires to the top of the pole and ran them out to a deadman, or log, buried in the ground; the guy wires running down from the top of the pole at an angle of about 45 degrees being about four feet apart at the ground and coming together at the top of the pole.  The guy wires passed in about 8 inches of the electric wire.  The children of the neighborhood would hold on to the upper guy wire with their hands and walk on the lower wire, and then slide down, using the wires to play upon.  Charles M. Webb, a little boy 11 years old, was playing upon the wires in this way, when his head touched the electric wire, thus completing the circuit, and he was instantly killed.  This suit was brought against both the electric light company and the telephone company to recover for his death.  A recovery was had in the circuit court for $1,000, and the defendants appeal.

There was proof on the trial that the insulation on the electric light wire was defective, and there was also proof that, whatever the condition of the insulation might have been, the result would have been the same when the little boy's head touched it while he was standing on the other wire which ran into the ground; the proof being that the insulation will not protect from injury when such a high current of electricity is carried as was used on this wire.  The ground upon which the recovery is rested is that in

the construction of the wires they were made attract-
ive and inviting to children, and that the defendants
were guilty of negligence in so maintaining the wires
and permitting them to remain in this dangerous and
unprotected condition.   This court has in a number
of cases held electric light companies responsible
where it permitted live wires to hang in the street.
Thus, in City of Owensboro v. York's Adm'r, 117 Ky.
294, 25 Ky. Law Rep. 1397, 77 S. W. 1130, a little
boy 12 years old discovered that a wire was hot, and,
being dared by one of his companions to touch it,
got on a board, took it in his hands, and was killed.
A judgment for the plaintiff was sustained.   To same
effect, see Macon v. Paducah Street Railway Co., 110
Ky. 680, 23 Ky. Law Rep. 46, 62 S. W. 496; Lexington
Railroad Co. v. Fain's Adm'r, 71 S. W. 628, 24 Ky.
Law Rep. 1443; Thomas v. City of Somerset, 97 S.
W. 420, 7 L. R. A. (N. S.) 963, 30 Ky. Law Rep. 131;
Maysville Gas Co. v. Thomas' Adm'r, 21 Ky. Law
Rep. 1690; Id., 75 S. W. 1129, 25 Ky. Law Rep. 403.
But in all of these cases the wire was in the street.
Here the wire was 18 feet above the street.   It could
only be reached by a person climbing the electric light
pole or walking up the guy wire of the telephone com-
pany.   In all the cases where a liability has been
imposed for what is known as an attractive nuisance
to children, the nuisance has been placed within their
reach.   We know of no case where this has been ap-
plied to things put 18 feet above the ground, which
may only be reached by climbing a pole or walking
up a wire.   Such structures are not an invitation to
children to use them.   A child may climb a dead tree,
and thus get hurt; but the owner of the tree cannot
be said to maintain an attractive nuisance, because
he keeps a rotten tree on his land.   To climb this pole

or walk this wire was as difficult as to climb a tree, and no reason would exist for holding one an attractive nuisance more than the other, for, if the limbs of the tree were brittle or rotten, there would be great danger in climbing out on them. In Simonton v. Citizens' Electric Light Co., 28 Tex. Civ. App. 374, 67 S. W. 530, the defendant had placed spikes in its poles for the use of its men in ascending and descending them. Children in the neighborhood got to using the pole in the same way. One of them went up on the pole and lost his balance and fell to the ground. It was held that the company was not liable. The spikes on the side of the pole would offer a much greater inducement to a child to climb the pole than the guy wire offered in the case before us. In Johnson v. Paducah Laundry Co., 122 Ky. 369, 92 S. W. 330, 5 L. R. A. (N. S.) 733, 29 Ky. L.. R. 59, the defendant had upon its open lot an open vat of hot water. The plaintiff, walking upon the lot in the night for a purpose of his own and without right, fell into the vat of hot water and was burned. It was held that he could not recover. In Schauf's Adm'r v. City of Paducah, 106 K. 228, 20 Ky. Law Rep. 1796, 50 S. W. 42, 90 Am. St. Rep. 220, a little boy wading out into an open pond on the property of the city to catch a bird got over his depth and was drowned. It was held that there could be no recovery. Other authorities are collected in these opinions. The tendency of the more recent cases is to restrict, rather than enlarge, the application of the principle laid down in what are called the Turntable Cases, and to hold that the defendant is not liable unless he knows, or ought in the exercise of ordinary care to know, that his structure is alluring to children and endangers them. See note to Barnes v. Shreveport R. R. Co., 49 Am.

St. Rep. 416-426.   In Harris v. Cowles, 38 Wash. 331,
80 Pac. 537, 107 Am. St. Rep. 847, a child was injured
by a revolving door at the entrance to a building;
the door being similar to those in common use in
winter to keep out the cold.   It was held that the
trespasser, though a child of tender years, could not
recover, on the ground that to extend the rule would
be to impose a burden upon the property owners that
would be unreasonable.   The same principle was ap-
plied in Fitzmaurice v. Connecticut R. R. Co., 78 Conn.
406, 62 Atl. 620, 112 Am. St. Rep. 159, where a child
was burned at a pile of hot ashes left upon the de-
fendant's premises, and in Foster-Herbert   v. Cut
Stone Co., 115 Tenn. 688, 91 S. W. 199, 4 L. R. A.
(N. S.) 804, 112 Am. St. Rep. 881, where a child
climbed into a low wagon and was there hurt.

As long as electric light wires are not put under
ground, they must be put upon poles, and, where they
are placed above the street as high as 18 feet, the
company should not be required to anticipate that
children will climb up to the wires and get hurt.   Guy
wires are necessary on high poles at street corners
where the line turns.   A guy wire placed on a high
pole to keep it in place, or some such contrivance, can-
not well be dispensed with.   Such a wire is not a
dangerous instrumentality, attractive or alluring to
children within the meaning of the Turntable Cases.
The little boy was a trespasser upon the defendant's
wire, and, being a trespasser, he cannot complain that
the premises were unsafe.   Children, no less than
adults, when they trespass upon the property of an-
other, take the risk unless the circumstances bring
the case within the principle of what is known as the
Turntable Cases, where a dangerous instrumentality
is maintained, with the knowledge, actual or con-

structive, that it is alluring to children and endangers them. A wire 18 feet above the ground, which can only be reached as this wire was, cannot be said to fall within the exception to the general rule.

Judgment reversed, and cause remanded for further proceedings consistent herewith.