Hermes' Admr. v. Hatfield Coal Co.

CASE 40.—ACTION BY WILLIAM HERMES' ADMINISTRA-
TOR AGAINST THE HATFIELD COAL COMPANY
FOR DAMAGES FOR CAUSING THE DEATH OF HIS
SON.—June 15. 1909.

## Hermes' Admr. v. Hatfield Coal Co.

Appeal from Kenton Circuit Court (Criminal, Common Law and Equity Division).

W. McD. SHAW, Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

Negligence—Condition and Use of Land, Building and Other Struc-
tures—Places Attractive to Children.—Defendant coal com-
any, which operated a coal elevator, maintained a coal chute
on a city street; a ladder which was perfectly safe for the
purposes for which it was being used extended to the top of
the chute. Plaintiff's infant son, about 10 years of age, climb-
ed the ladder with other children, went upon the building
where the chute was erected, walked to the mouth of it, and
while looking down the hole therein fell in and was killed.
Held, that the infant being a trespasser, and there being no de-
fect in the ladder and chute, defendant was not liable.

B. F. GRAZIANI for appellant.

### POINTS AND AUTHORITIES CITED.

1. Attractive Nuisance — Children Trespassing: Bransons
Adm'r v. Labrot, 81 Ky. 638; Sec. 1033 Thompson on Negligence,
Vol. 1; Sec. 1034 Thompson on Negligence, Vol. 1; Union Pacific
Ry, Co. v. McDonald, 152 U. S. 280; Ball v. Middleborough Land
Co., 24 Ky. L. R. 114; Railroad Co. v. Stout, U. S. Supreme Ct., 17
Wallace, 657; Price v. Achinson Water Co. 3 Amer. Neg. Rep. 392;
Consolidated Elec. Light Co. v. Healey, Kan. Sup. Ct. 13 Amer. N.
R. 71; Penso v. McCormick, 9 L. R. A. 313. Wittleder v. Citz Elec.
Illumniating Co., 7 Amer. N. R. 645.

2. That it was a question for the Jury to say under all of the
circumstances whether said place was so seductive and enticing

Hermes' Admr. v. Hatfield Coal Co.

to children, as to make the appellee forsee the danger to them and remove same. Branson's Adm'r v. Labrot, 81 Ky. 638; Sec. 1035 Thompson on Negligence, Vol. 1; Railroad Co. v. Stout, 17 Wallace 657; Price v. Achison Water Co. 3 Amer. Neg. R. 392.

M. H. McLEAN for appellee.

### SYNOPSIS AND AUTHORITIES.

A property owner is not liable to trespassers who are injured by lawful instrumentalities on his property, except in the case of traps. The Turn-table cases, in which recoveries are allowed in- volve a trap which would be rendered safe by the slightest care. Kisler's Adm'r v. Ky. Distilleries &c. Co. 112 S. W. 913; Smart wcod's Gdn. v. L. & N. R. R. Co. 33 Rep. 785; Mayfield Water & Light Co. v. Webb's Adm'r 33 Rep. 909; Haegraves v. Duacur's Adm'r 25 Mich 1; Kelex' Adm'r v. Nieman, 68 Wis. 271; Rich- ard's Adm'r v. Connell, 45 Neb. 467. Rwy. Co. v. Edwards, 90 Tex. 65; Gillespue v. McGowan, 100 Pa. St. 144; Branson v. Labrot, 81 Ky. 638; Louisville &c. Canal Co. v. Murphy 9 Bush 522; Ball v. Middlesborough &c Lands Co. 24 Rep. 114; R. R. Co. v. McDonald, 152 U. S. 262; R. R. Co. v. Stout, 17 Wall 657.

OPINION OF THE COURT BY JUDGE BARKER—Affirm- ing.

The appellant, Bernard Hermes, an administrator of the estate of his infant son, William Hermes, de- ceased, instituted this action in the Kenton Circuit Court to recover damages of the appellee, the Hat- field Coal Company, for the death of his son, caused, as he alleges, by the negligence of the appellee. The appellant in his petition alleges that the appellee, the Hatfield Coal Company, was and is engaged in the business of selling coal in the city of Covington, and that it maintains and operates a coal elevator and coal chutes; that it is the owner of, and maintains, a certain coal chute on Eleventh street in the city of Covington near the east end thereof; that appellee negligently and with gross and wanton carelessness erected a ladder in close proximity to Eleventh street,

extending to the top of its coal chute, a distance of about 60 feet; that the ladder and coal chute had been so erected for a period of 9 or 10 years; that children of the surrounding neighborhood were in the habit of resorting to and amusing themselves both by day and by night in and upon the ladder and in the building and on the chute; that the chute was a large opening, and children were in the habit of climbing the ladder and peering down the hole, all of which was known to the appellee and its officers; that the same was enticing and seductive to children to walk and play upon, and that a large number of small children were in the habit of resorting to and playing and amusing themselves upon the ladder and chute, all of which appellee well knew; that the elevator chute had not been in operation for about a year, and was not necessary to the conduct of the business of appel-lee; that the ladder and building had not been used for many months; that appellee knew the building, ladder and chute were seductive and enticing to chil dren to play in and upon, and that it was within 20 feet of Eleventh street; that on the 5th day of July, 1908, the decedent, a boy 10 years of age, with other children, got upon the ladder and climbed from the bottom to the top, and then went upon the building where the coal chute was erected, and where many children had been resorting for many years past; that, while the decedent was looking down the chute, he fell into it and broke his neck, from the effects of which he immediately died. To this petition a general demurrer was interposed and sustained, and, appellant declining to plead further, the petition was dismissed; from which ruling of the court this appeal is prosecuted.

Hermes' Admr. v. Hatfield Coal Co.

The petition in this case, although evidently so intended by the pleader, does not fall within the principle of Bransom's Adm'r v. Labrot, 81 Ky. 638; 5 R. 827; 50 Am. Rep. 193.   There the defendant maintained upon its property adjacent to the public street a pile of lumber, which was so arranged as to easily fall if interferred with. A child going upon the premises of the defendant and playing upon the lumber pile was hurt by the falling of the lumber, and it was held that these facts constituted a cause of action against the owner of the lumber for the death of the child; it being said that the owner maintained near the public highway a thing which was an invitation to children to come in and play upon, and that under these circumstances, if the lumber was so piled as to readily fall under the influence of the children's play, the owner was liable in damages for the injury accruing.   But the facts of the case at bar do not present the question adjudicated in the case cited.   In that case the lumber was so piled as to be a trap for unwary infancy playing upon it.

An examination of the case shows that the careless piling of the lumber so as to constitute a trap for the child was the basis of the cause of action for the injury.   In the case at bar the ladder upon which the infant climbed was in itself perfectly secure and safe and well adapted to the purposes for which it was used.   If the rounds of the ladder had been so arranged as to break under the weight of the infant climbing upon it, and thus caused his injury,  the two cases would have been similar.   But this was not the case.   Here the ladder was perfectly safe for the purposes for which it was used.   The infant climbed upon it to the top, and, after reaching this point, got upon

the coal chute, and by his own negligence fell into the hole and was killed.

The case at bar falls within the principle of Mayfield Water & Light Co. v. Webb's Adm'r, 111 S. W. 712, 33 Ky. Law Rep., 909, 18 L. R. A. (N. S.) 179.

In that case the defendant company maintained an electric line of such high voltage as to be deadly in its effects if touched. The wire carrying the deadly current was on a pole some 18 feet from the street or highway. An infant climbed the pole, came in contact with the dangerous wire, and was instantly killed. We held that a peremptory instruction should have gone in favor of the defendant company. In the opinion it is stated that the pole which the infant climbed in order to come in contact with the deadly wire was not an attraction to infancy within the doctrine of Bransom's Adm'r v. Labrot. In the opinion many cases are reviewed, and the rule is stated that the doctrine announced in Bransom's Adm'r v. Labrot is rather to be limited than extended. If the defendant company is responsible in the case at bar, then it is difficult to limit the rule which would hold a defendant responsible for the trespasses of children. There are very few things which do not afford an opportunity for headlong infancy to injure itself. For instance, the ordinary steps which lead from the first to the second floor of a building and the banisters which usually guard them are the favorite playground of children, who run up the steps and slide down the banisters. In so doing they may receive a fall at any moment, and, if the defendant is guilty of negligence in the case at bar, it would be difficult to formulate a rule which would exculpate the owner of the banisters from which any heedless

infant might fall and injure itself. A tree with low projecting limbs is undoubtedly an attraction for infants inclined to climb, and yet we believe that no one would say that one who maintains such a tree in his yard would be liable for damages if a neighbor's child trespassed upon his premises, climbed the tree, fell, and was injured.

If the ladder maintained by the appellee herein had been unsafe for the purpose for which it was used, and the climbing infant had been precipitated to the ground and injured by the breaking of one of the rounds, then the case at bar would have fallen within the principle announced in Bransom's Adm'r v. Labrot. But such was not the case. The infant safely climbed the ladder, left it, and walked to the mouth of the coal chute to peer down into its depths, and by accident fell headlong, and received the fatal injuries to recover damages for which this action was instituted. The appellee was not guilty of any negligence in the premises. The infant was a trespasser, and was fatally injured, not because of any defect in the ladder or coal chute, but because by his own carelessness he fell into the hole of the coal chute.

We are of opinion that the demurrer was properly sustained, and the judgment is therefore affirmed.