## Coon, By et al. v. Kentucky & Indiana Terminal Railroad Company.

(Decided February 26, 1915.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

Negligence—"Attractive Nuisance"—Dangerous Instrumentality— Owner's Knowledge.—Where a railroad company, under authority of its charter, and with the consent of the city, built a viaduct, one side of which consisted of a concrete retaining wall 20 inches wide with a smooth surface on top, and ranging in height from 28 inches at one end to 15 feet at the other, held, that the retaining wall was not such a dangerous instrumentality or thing as to impose on the company any liability for its original construction or its failure to construct barriers to prevent boys from climbing on it; and where plaintiff, a boy 14 years of age, sought to recover from the railroad company damages for injuries resulting from his falling off the wall while playing thereon, the court properly sustained a demurrer to the petition.

EUGENE HUBBARD and ALPHA HUBBARD for appellant.

HUMPHREY, MIDDLETON & HUMPHREY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Louis Sterling Coon, suing by his next friend, brought this action against defendant, Kentucky & Indiana Terminal Railroad Company, to recover damages for personal injuries. Defendant's demurrer to the petition was sustained and the petition dismissed. Plaintiff appeals.

It appears from the petition that defendant is a railroad company with authority to own, maintain and operate a line of railroad in the State of Kentucky and elsewhere, and to own, maintain and operate viaducts, bridges and trestles over and upon the streets and thoroughfares of the city of Louisville. With the consent of the city, the company built a viaduct about 60 feet long and 50 feet wide and 20 feet high, extending across Montgomery Street, between 30th and 31st Streets in that city. The north side of the viaduct consists of a concrete retaining wall. The wall is about 20 inches wide, with a smooth surface on top, and the west end is about 28 inches above the street. From the west end the wall gradually ascends until it reaches a height of 15 feet from the street. The children in the neighborhood find the wall attractive, and are in the habit of climbing upon it. This fact was known to the defendant. The plaintiff is an infant 14 years of age. The plaintiff climbed the wall, and when he reached a point about 11 feet from the street, fell and was severely injured. It is alleged that his injuries were due to the gross carelessness and negligence of the defendant in failing to guard and protect the wall in such a way as to prevent injuries to children.

Plaintiff bases his right to recover on the "turntable" cases, or the "attractive nuisance" doctrine. We deem it unnecessary to discuss the doctrine at length. Numerous cases illustrating the different phases of the rule may be found in the editorial note to the case of Wheeling & L. E. R. Co. v. Harvey, 19 L. R. A. (N. S.), 1136. Other discussions of the question may be found in the notes to Walsh v. Pittsburg R. Co., 32 L. R. A. (N. S.), 559. This court has applied the doctrine and sustained a recovery in a number of cases. Thus in Bransom's Adm'r. v. Labrot, &c., 81 Ky., 638, the defendant owned a vacant lot between two streets in Frankfort. The lot had been used by the public for a number of years. Defendant used it for stacking lumber. One of the piles of lumber was negligently stacked. Plaintiff's intestate, a little boy, while playing on or near the unsafe pile of lumber, was struck by the falling lumber and killed. In the case of Harper v. Kopp, 73 S. W., 1127, the defendant, without permission from the city, left a pile of lumber stacked in the streets. A child six years of age, while playing about the lumber, was injured. A recovery was allowed because the defendant stacked the

lumber in a public street, where its unguarded condition made it attractive and dangerous for young children. In the case of Louisville Railway Co. v. Esselman, 93 S. W., 50, the railway company stacked in one of the streets of Louisville certain building materials to be used in the reconstruction of its power plant. Part of the materials consisted of heavy iron I-beams. While a boy 11 years of age was playing on the beams, one of them fell over and injured his leg. Judgment in favor of the boy was affirmed on the ground that the material was so negligently stacked as to constitute a dangerous instrumentality. A recovery was also allowed in Brown v. C. & O. Ry. Co., 135 Ky., 798, which was a typical turntable case. In the case of U. S. Gas Co. v. Hicks, 134 Ky., 12, defendant maintained a defective gate valve in its pipe line underneath a street. Because of the defect the gas leaked. A child four years of age threw a match into the box, which caused an explosion, which injured plaintiff. It was held that where a gas company maintained a pipe line in a highway it was bound to protect it to prevent injuries to persons and children lawfully in the highway.

On the other hand, a recovery was denied in Louisville & Portland Canal Co. v. Murphy, 9 Bush, 522, where a little girl five years of age fell through the railing of a bridge maintained by defendant and was killed. The evidence showed that the bridge was in good condition for purposes of travel. The court held that the defendant was not required to make its approach safe for children, but was required only to make it safe for the purposes of ordinary travel. In the case of Schauf's Admr. v. City of Paducah, 106 Ky., 228, it was shown that the city maintained a gravel pit which was filled with water. A little boy seven years of age walked into the water in pursuit of a bird. He got beyond his depth and was drowned. A recovery was denied. In the case of Mayfield Water & Light Co. v. Webb's Admr., 129 Ky., 395, a wire heavily charged with electricity ran in close proximity to a telephone pole. The wire was 18 feet from the ground. From the telephone pole two guy wires ran to the ground at an angle of about 45 degrees. A boy 11 years of age climbed up the guy wires. His head came in contact with the electric wire, and he was instantly killed. The court, after stating that the tendency of the more recent cases was to restrict rather than enlarge the

turn-table cases, held that the facts did not warrant a recovery. In the case of Hermes' Admr. v. Hatfield Coal Co., 134 Ky., 300, the coal company maintained a coal chute in the city of Covington. A ladder ran from the ground to the top of the chute. A boy ten years of age climbed up the ladder and while looking into the chute fell and broke his neck. In denying a recovery the court said:

"If the defendant company is responsible in the case at bar, then it is difficult to limit the rule which would hold a defendant responsible for the trespasses of children. There are very few things which do not afford an apportunity for headlong infancy to injure itself."

In the case of Meyer v. Uuion Light, Heat & Power Co., 151 Ky., 332, 151 S. W., 941, the evidence showed that the light company furnished electricity to a church in Covington. Its wires passed down the side of the building and through a transformer into the cellar. A boy ten years of age, while hunting for a ball, climbed the fence enclosing the church yard, and, coming in contact with defendant's wires, was injured. A recovery was denied.

Counsel for appellant contend that the facts of this case bring it within the rule laid down in the case of Harper v. Kopp, *supra,* because the retaining wall was placed in a public street where plaintiff had the right to be. As before stated, however, the court rested its decision in the Kopp case upon the fact that the defendant, without permission from the city authorities, stacked his lumber in a public street, where, because of its unguarded condition, it was dangerous to young children. In the case under consideration the defendant was authorized by the city to build a viaduct and construct a retaining wall. The wall was placed where the defendant had the right to place it. The only ground, therefore, for holding the defendant liable, is that it maintained in a public place in an unguarded and unprotected condition a dangerous instrumentality or thing that was attractive to children. It could hardly be said that a retaining wall like the one in question is dangerous. It is not like a stack of lumber composed of separate pieces that are liable to fall at any time. On the occasion of the accident it did not fall or break. The only sense in which it could be said to be dangerous is that it was easy to climb, and easy to fall from; but, for

that matter, so is every tree, every pole, every fence, every ladder, every railing or set of steps, that the owner may have about his premises. It is charged in the petition that defendant was negligent in not constructing the protecting wall in such a way that it could not be climbed. It is suggested that spikes could have been placed on it. Manifestly, if this had been done, and plaintiff had been injured, there would have been greater reason for holding the defendant liable. It is also suggested that a fence or a guard rail might have been constructed at the lower point of the wall. As this would have rendered access to the wall a little more difficult, the natural result would have been to increase the number of climbers, and not only add to their danger by furnishing them something else to fall from, but to impose upon the defendant the further duty of also guarding and protecting the additional guard rail or fence. In our opinion, the retaining wall in question was not such a dangerous instrumentality or thing as to impose on the defendant any liability for its original construction or its failure to construct barriers to prevent boys from climbing on it. It follows that the trial court properly sustained the demurrer to the petition.

Judgment affirmed.