May, J.
Opinion sustaining motion for a new trial.
The plaintiff, an infant of five years of age, sued the defendant for damages sustained by having his right hand caught in a pulley and four fingers lacerated, which pulley was erected by the defendant at the corner of Ashland and Highland avenues in the city of Norwood, under permit of that city, for the purpose of moving a house.
The principal ground of negligence relied on was that the pulley was a dangerous instrument .and of such a character as to be attractive to children, and that it was being used in the street without a proper guard being placed by the defendant to warn children from approaching it and playing with it. The jury returned a verdict of $3,200, and the defendant moves for a new trial because the verdict is not sustained by sufficient evidence, is contrary to law, and that the trial court erred in not directing a verdict for the defendant at the close of the plaintiff’s evidence, which motion was again renewed at the close of all the evidence in the case .
I am of the opinion that the verdict is so manifestly against the weight of the evidence that a new trial should be granted.
The right of the plaintiff to recover at all is based upon the doctrine of attractive nuisance. In this state, under the decision of Railroad v. Harvey, and Swarts v. Akron Water Works Company, 77 Ohio St., 235, if the plaintiff had been a trespasser there could have been no recovery. The question remains an open one in this state, whether there can be any recovery where the injury is due to an attractive nuisance, although the plaintiff is not a trespasser. My own opinion is that the- courts of last resort of the state, if the question is fairly presented, will extend the doctrine of the Harvey and .Swarts cases, but, as stated above, inasmuch as they had not yet done so, I felt bound under the Gibbs case to submit to the jury the questions involved, namely, whether the instrument used by the defendant, an ordinary pulley with wire cable turned by horses, was a dangerous instrument; whether it was attractive to children; whether the neighborhood was one much frequented by children, *271 which fact the defendant lmew, or in the exercise of ordinary-care should have known; and, furthermore, whether the defendant, acting as an ordinarily prudent man would have acted under the circumstances of the ease, should have .anticipated that children would be attracted to the pulley and hurt.
Very little assistance can be had by examining the eases in other jurisdictions. Since the decision in the Harvey case, many cases have been decided by various courts in this country, but in the jurisdiction where the turn-table cases is law the tendency seems to be to restrict the doctrine to instruments that are dangerous, and of themselves attractive to children. I have been able to find only one case where the injury was caused by the use of a pulley, the case of Kelley v. Wisconsin Railway Company, 152 Wis., 328; but Wisconsin is a state which -has adopted the doctrine of the turn-table cases. As opposed to this case is the ease of Fitzg&r v. Rogers, 68 N. Y. Sup., 946, where recovery was denied in the ease where injury was caused by a child playing with a pulley.
I am of the opinion from the evidence in this case that the instrument used, the ordinary pulley with cable operated by horses, is not a dangerous instrument, or such as to attract children to play with it. I .am also of the opinion from the evidence in this case, that a man of ordinary care and prudence, moving a house 'by means of a pulley in the neighborhood in which this house was being moved, would not have anticipated that children frequented the neighborhood or would be attracted to this instrument.
The language of .a recent Kentucky case has some bearing upon the instant ease, Coon v. Kentucky & Indiana Terminal Railway Company, 163 Ky., 223 (February, 1915). In that case a boy, who was injured by falling oft of a wall erected by a railroad company on the public streets, was denied recovery. In affirming the decision of the trial court in sustaining a demurrer to the petition, the Court of Appeals of Kentucky, one of the states which recognizes the turn-table doctrine, says:
“The only sense in which it (retaining wall) could be said to be dangerous is that it was easy to climb, and easy to fall *272 from; but for that matter so is every tree, every pole, every fence, every ladder, every railing or set of steps that the owner may have about his premises. It is charged in the petition that defendant was negligent in not constructing the protecting wall in such a way that it could not be climbed. It is suggested that spikes could have been placed on it.
“Manifestly, if this had been done, and plaintiff had been injured, there would have been greater reason for holding the defendant liable. It is also suggested that a fence or a guard-rail might have been constructed at the lower point of the Wall. As this would have rendered access to the wall a .little more difficult, the natural result would have been to increase the number of climbers, and not only add to their danger by furnishing them something else to fall from, but to impose upon the defendant the further duty of also guarding and protecting the additional guard-rail or fence. In our opinion, the retaining wall in question was not such a dangerous instrumentality or thing as to impose on the deféndant any liability for its original construction or its failure to construct barriers to prevent boys from climbing on it.”
So, in the ease at bar, it was suggested in argument that the defendant should have kept a man at the pulley to warn children away from it, or in the absence of such a guard, have built a fence or railing around it, or protected the pulley in some way to prevent a young child from putting his hands in it. The reasoning of the Kentucky court is applicable to this argument.
I am now of the opinion that I committed error in not directing a verdict for the defendant at the conclusion either of the plaintiff’s ease, of at the conclusion of all the evidence in the case. Had I done this, then the question could have been squarely raised in the upper courts as to any liability on the part of the defendant. Unfortunately, in our practice this question can not be settled finally until there is another trial, and this state of facts was brought about because I felt bound by Gibbs v. Village of Girard, 88 Ohio St., 34, which has not yet been overruled by the Supreme Court.
An entry may be drawn in this case granting the motion for a new trial on two grounds, to-wit, that the verdict is manifestly against the weight of the evidence and is contrary to law