## Alvis' Administrator v. Weaver.

### (Decided December 9, 1924.)

### Appeal from Kenton Circuit Court.

Negligence—Owner of Land Held Not Liable for Death of Child Caused by Sloughing Off of Side of Knoll.—Owner of land held not liable for death of three year old child, playing on knoll near which sand had been removed several months before, and killed when side thereof sloughed off, where there was nothing from which danger of sloughing should reasonably have been apprehended.

NELSON B. CRAMER, JULIUS R. SAMUELS and MARSHALL B. WOOD for appellant.

MYERS & HOWARD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

This is an action to recover for the death of Ralph Alvis, who was between three and four years old, by his administrator against Jerome J. Weaver, the owner of the property on which the little boy was killed on September 6, 1921. At the conclusion of the evidence for the plaintiff the court instructed the jury peremptorily to find for the defendant. The plaintiff appeals.

Harry Alvis, the father of Ralph, resided with his family on Deverell street, 250 feet from the corner of Laurel and Deverell in Ludlow, Kentucky. They had resided there about a year and nine months. The neighborhood surrounding the southwest corner of Laurel and Deverell streets was populated by working people. The property on the opposite side of Laurel street from the residence of Harry Alvis was not built up. It was a hill consisting of loam on the surface and sand underneath. Near the southeast corner of Deverell and Laurel there was a knoll about ten feet above the surrounding surface. A supply company, operating under a lease, was getting out sand from this land. They first plowed up the surface of the ground and took the clay off, then with a sand digger operated by electricity, the sand was dug up and hauled away in sand cars. No digging with the sand digger had been done in the neighborhood of this knoll since April. In the meantime the digger had operated on another part of the lot. The knoll had not been worked on, for the reason, perhaps, that its sides were so steep. The knoll was used by all the children in the neighborhood as a playground. Some of the boys had dug a small cave in the side of it. On September 6th the older brother of Ralph and his mother's brother and sister, each of whom were ten or twelve years of age, went with Ralph upon this knoll. After they had hunted for lucky stones and played for a while they started home as it was about supper time, and just as they were going down the knoll that side of it sloughed off. Little Ralph fell in a gulley at the foot and was covered up by the loam so that he was dead when they got him out. In 21 Am. & Eng. Enc. 474, the rule is thus stated:

"And likewise where, though children might have been expected to come upon the property, no injuries to them should reasonably have been contemplated under the circumstances, there is no negligence, and consequently no liability."

The case seems thus to fall within this principle. Harry Alvis, the day before, had gone over to this knoll and brought the children home to supper. They had been playing there all the summer with his knowledge and it had never occurred to him that there was any danger in their playing there. All the children in the neighborhood played there. The parents of a number

of these children were introduced on the trial and it had never occurred to any of them that there was any danger in the children playing there. The knoll was covered with vegetation and bushes growing on it. No change had been made in it or about it by the company getting out sand since April. The parents of these children had as much opportunity to know the condition of things as the owner of the property, who simply went by there every day in his car. The fact is there is no proof that even an examination of the property would have disclosed any reason to have anticipated danger at that time. The fall of a part of the knoll coupled with the fact that little Ralph as it fell, fell in a deep gully and thus was covered up with dirt, seems simply an accident. The disposition of the later cases is to restrict rather than enlarge the rule in the turntable cases, and we have not found any case applying the rule to the fall of a part of a natural object where there was nothing shown from which this should reasonably have been apprehended. See note 19 L. R. A. (N. S.) 1152.

Judgment affirmed.