**GUELDA et al.**

v.

**HAYS & NICOULIN, Inc.**

Court of Appeals of Kentucky.

May 7, 1954.

Thomas C. Carroll, and Greenebaum, Barnett & Carroll, Louisville, for appellants.

Robert P. Hobson and Woodward, Hobson & Fulton, Louisville, for appellee.

COMBS, Justice.

The question is whether the attractive nuisance doctrine is applicable to the facts of this case.

Charles Guelda, Jr., a 12-year-old boy, slipped and broke his leg on the muddy basement floor of a building under construction by the appellee. Charles was attending a church picnic being held on the grounds of St. Matthias Church in Louisville. The appellee was engaged, under contract with the St. Matthias Church, in the construction of a school building on the premises. The picnic area was adjacent to the partially completed building. After the picnic supper, Charles decided to join some of the other boys who were playing inside the building. He climbed through a ground-level basement window and in stepping down to the dirt floor two feet below slipped and broke his leg. The accident occurred about 8 p. m., daylight saving time, and the parties do not agree whether it was still light enough to see. The trial court directed a verdict for the defendant.

It is conceded by the appellant that the case should be affirmed unless the attractive nuisance doctrine applies. This doctrine is firmly established in this state but the court in recent years has shown no inclination to extend it. Goss v. Shawnee Post No. 3204, V. F. W., Ky., 265 S.W.2d 799; Bates v. Caudill, Ky., 255 S.W.2d 487.

In Restatement, Negligence, section 339, four requisites are listed as necessary to invoke the application of the attractive nuisance doctrine: (a) The place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass; (b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children; (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it; (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein.

There is a division of authority on whether a building under construction

is a structure falling within the attractive nuisance doctrine and we have found no Kentucky case on the point. But we do not consider it necessary to decide that question here. Even if it should be conceded that the factors listed above under (a) (c) and (d) are present, we are of the opinion that factor (b) is absent. We do not think it can be said that a muddy basement floor, two feet from the ground level, in a partially constructed building, constitutes an unreasonable risk of death or serious bodily harm to children who might be attracted to the building.

We find no merit in the incidental questions raised in appellants' brief.

The judgment is affirmed.