FOURSEAM COAL CORPORATION,
Appellant,

v.

Charles GREER, By His Mother and Next
Friend, Augustine Greer, Appellee.

Court of Appeals of Kentucky.

Feb. 25, 1955.

Rehearing Denied Oct. 14, 1955.

Craft & Stanfill, Hazard, for appellant.

Napier & Napier, Hazard, for appellee.

CULLEN, Commissioner.

Charles Greer, an infant, recovered judgment against the Fourseam Coal Corporation, in the amount of $5,000, as damages for personal injuries sustained by Greer when he fell from a coal tipple owned and operated by the corporation. Appealing from the judgment, the corporation maintains that the court erred in not sustaining its motion for a directed verdict.

The plaintiff's case was predicated upon the attractive nuisance doctrine. The corporation contends that the doctrine is not applicable to the facts of this case.

The injured boy was six years old at the time of the accident. The trial was not held until four years later, so at the time of the trial he was ten years of age. His testimony was that he was crossing the tipple, which led from one hillside to another, because it afforded him a short cut from his home to that of his grandparents. He testified that a board broke loose as he stepped upon it, but from the other evidence

it is quite certain that he merely fell through a gap or open place on the top of the tipple.

The tipple is a large structure, with three sets of mine railway tracks upon it; also a solid roadbed upon which motor trucks may be backed. It appears that there is no floor beneath the railway tracks, and there is a large V-shaped open space between two sets of tracks which curve onto the tipple from opposite sides. The tipple extends across a small valley, and the top of the tipple is some 40 or 50 feet above the low point of the valley. The point from which the boy fell was some 20 or 25 feet above the sloping hillside, but the boy did not fall that distance because his body struck some cross braces as he fell.

There were no gates at either end of the tipple, and no guard rails. The use of the tipple was for dumping coal from motor trucks and tram cars into railroad cars standing upon tracks extending underneath the tipple.

There was evidence that children in the neighborhood frequently played upon the tipple, and that this fact was known to the officials of the coal company. The theory of the plaintiff's case was that under these circumstances the coal company had a duty either to use gates or other devices to keep the children off the tipple, or to install a floor and guard rails to prevent the children from falling through or from the tipple.

This Court previously has indicated its acceptance of the version of the attractive nuisance doctrine set forth in the Restatement of the Law of Torts. See Louisville & N. R. Co. v. Vaughn, 292 Ky. 120, 166 S.W.2d 43; Guelda v. Hays & Nicoulin, Inc., Ky., 267 S.W.2d 935. As stated in Section 339 of the Restatement, the doctrine is as follows:

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as invloving an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."

We think it may be conceded that the requirements of Clause (a) have been met in the case before us. The evidence shows that children frequently played upon the tipple with the knowledge of the coal company. It may be appropriate to point out in this connection that, as indicated in the comments to Section 339, in Volume II of the Restatement of the Law of Torts, pages 920 and 921, where the person maintaining an alleged dangerous structure *knows* that children frequently trespass upon it, the question of whether the structure is *attractive* is immaterial. In other words, it is not important, under such circumstances, whether the particular child who is injured was upon the structure at the time because he was attracted to it as a place to play, or for some entirely different reason. So, in the case before us, the fact that the Greer boy was using the tipple as a passageway or short cut is of no significance.

The serious problem, as concerns the application of the attractive nuisance doctrine to the facts of this case, arises in connection with Clauses (b) and (c) of Section 339 of the Restatement. It appears that these two clauses are interrelated, in that

awareness of an "unreasonable" risk to children (Clause (b) ) has relation to the ability of children to recognize and appreciate the risk (Clause (c) ). See Comments on Clauses (b) and (c), Volume II, Restatement of the Law of Torts, pages 923 to 925. It would seem apparent that if the risk is one which young children should discover and realize, the risk should not be classed as one "unreasonable" to children.

■ Throughout the Kentucky cases, there seems to run the thread of thought, sometimes not clearly expressed, that in order for a structure or condition to constitute an attractive nuisance there must be something in the nature of a hidden or latent danger—a danger that children ordinarily would not recognize or appreciate. Accordingly, we find a fairly definite policy not to apply the doctrine to an immobile structure, except where electricity is involved. Although some of the decisions have been put on the basis of absence of the feature of attractiveness, in most every case it can be gathered that the real basis was that the danger was one of which children should have been aware.

In Coon v. Kentucky & I. T. R. Co., 163 Ky. 223, 173 S.W. 325, 327 L.R.A.1915D, 160, a child fell from a railroad viaduct which crossed a city street. There was evidence that children were in the habit of climbing upon the viaduct. In refusing to apply the attractive nuisance doctrine, the Court, speaking of the viaduct, said:

> " * * * The only sense in which it could be said to be dangerous is that it was easy to climb, and easy to fall from; but, for that matter, so is every tree, every pole, every fence, every ladder, every railing or set of steps, that the owner may have about his premises. * * * "

The Court appeared to base its decision on the theory that the viaduct was *not dangerous,* but in reality the holding must be construed as meaning that the danger was a natural and obvious one.

In the Coon case reference was made to Louisville & Portland Canal Co. v. Murphy, 9 Bush 522, in which a five-year-old girl fell from a bridge; Mayfield Water & Light Co. v. Webb's Adm'r, 129 Ky. 395, 111 S.W. 712, 18 L.R.A.,N.S., 179, in which a boy climbed guy wires supporting a power line pole and was electrocuted; and Hermes' Adm'r v. Hatfield Coal Co., 134 Ky. 300, 120 S.W. 351, 23 L.R.A.,N.S., 724, where a boy climbed a ladder leading to the top of a coal chute, and fell into the chute. In all of these cases recovery was denied, we think on the basis that the danger was natural and obvious.

In the Coon case reference also was made to several cases where children were injured when playing upon stacked lumber or other building materials, including Bransom's Adm'r v. Labrot, 81 Ky. 638; Harper v. Kopp, 24 Ky.Law Rep. 2342, 73 S.W. 1127, and Louisville Railway Co. v. Esselman, 29 Ky.Law Rep. 333, 93 S.W. 50. In each of these cases, in which recovery was allowed, there was the element of hidden or latent danger, arising from the *mobility* of the lumber or other building material.

In the Hermes case [134 Ky. 300, 120 S. W. 352], referred to above, it was pointed out that in the Bransom case the "lumber was so piled as to be a trap for unwary infancy playing upon it."

In Sage's Adm'r v. Creech Coal Co., 194 Ky. 415, 240 S.W. 42, a boy walking across a mine tramroad trestle was knocked off when a cable broke. While the basis of the opinion seemed to be that the trestle was not attractive, and was merely being used as a walkway by the boy, this case is entirely consistent with the view that ordinary immobile business structures are not within the attractive nuisance class.

In Meredith v. Fehr, 262 Ky. 648, 90 S.W. 2d 1021, 1023, a boy fell into an open cellar of a building that was being razed. In denying recovery the Court pointed out that the attractive nuisance doctrine ordinarily applies only to instrumentalities or places "which are calculated to attract and lure infants of tender years, ignorant of their dangerous nature and proper use, as to 'a trap' set for their ensnarement and hurt." The

Court further stated that the doctrine is based upon the theory that because of the tender age and lack of experience of the child, "he does not realize or have knowledge of the risk and danger."

In Fain v. Standard Oil Co. of Kentucky, 284 Ky. 561, 145 S.W.2d 39, 40, a boy fell into a hole which had been dug in a vacant lot for the purpose of installing a gasoline tank. Recovery was denied. In an opinion by Judge Cammack, the court, referring to previous cases where the attractive nuisance doctrine had been applied, said:

"* * * There was some particular attractiveness and *hidden danger* about the thing causing the injury in each of them, and *not an ordinary and commonplace thing* such as a hole in the ground. Furthermore, an examination of those cases will show that there was usually *some unexpected development or happening* that brought about the injury, as the falling of lumber negligently piled." (Our emphasis.)

The opinion also quoted, from 20 R.C.L. 86, the statement that, " 'Like waters, pits and excavations on land embody no dangers that are not readily apparent to everyone, even very young children.' "

In Jarvis v. Howard, 310 Ky. 38, 219 S.W. 2d 958, 959, a boy playing on a coal loading ramp (similar to a tipple) was injured when he attempted to jump from the ramp to a nearby railroad car. In denying recovery, the Court said:

"* * * This ramp was no more dangerous than any other structure upon which a child may climb and get hurt by jumping or falling therefrom. * * * If this ramp was an attractive nuisance, then any other structure upon which a child might climb and jump or fall from, likewise must be so classified."

The Court further said that the tendency is to exclude from the attractive nuisance doctrine such things as walls, fences, simple tools and appliances and conditions arising from the ordinary conduct of business, "else the use of real estate would become a burden instead of a benefit."

Finally, in Guelda v. Hays & Nicoulin, Inc., Ky., 267 S.W.2d 935, recovery was denied where a boy slipped and fell while crawling through the window into the basement of a building under construction. The basis for denying recovery was that there was no "unreasonable" risk or danger.

In the foregoing cases, we find a consistent refusal to apply the attractive nuisance doctrine, where the injury resulted from the child's falling from an ordinary, immobile business structure. We think that underlying all of these cases was the thought that the danger of falling was one which should have been recognized and appreciated by the child.

In the case now before us, we believe that any child, even one of the tender age of six years, would realize and appreciate the risk of falling from the coal tipple, which had no floor and which at one point was as high as 40 or 50 feet from the ground. Accordingly, we are of the opinion that the attractive nuisance doctrine does not apply, and the defendant's motion for a directed verdict should have been sustained.

In a supplemental brief, the appellee suggests the application of the principle of res ipsa loquitur. Clearly, this principle is not applicable, because the circumstances of the accident were not such as to create a clear inference that the accident would not have happened if the defendant had not been negligent.

A ground asserted by the appellee for dismissing the appeal has been considered and found to be without merit.

The judgment is reversed, for proceedings consistent with this opinion.