Grace Carol LYNCH, an infant under 14 years of age, suing by and through her father, Dudley Lynch, as next friend, Appellant,

v.

KENTUCKY UTILITIES COMPANY, a Corporation, Appellee.

Ethel LYNCH, Appellant,

v.

KENTUCKY UTILITIES COMPANY, a Corporation, Appellee.

Court of Appeals of Kentucky.

Oct. 30, 1959.

Ezart F. Ashcraft and Earl F. Ashcraft, Irvine, for appellants.

H. M. Shumate, Shumate & Shumate, Irvine, Robt. M. Odear, Stoll, Keenon & Park, Lexington, for appellee.

CULLEN, Commissioner.

The Kentucky Utilities Company maintained a power line pole, with a supporting guy wire, along the highway close to the South Irvine Grade School. It is not made clear whether the pole and wire were on the highway right of way or on the school playground, but in any event children played around the pole and wire and frequently waited at that point for the school buses. One afternoon, after school, an eight-year-old pupil of the school, Grace Carol Lynch, took hold of the guy wire with one hand and swung around. As she did so, her hand slid down the wire and became impaled on a short strand of wire, from one-quarter to three-quarters of an inch in length, which protruded from the end of the guy wire at the point where the wire was wrapped or "served" after having been brought back up through an anchor in the ground.

An action seeking damages for personal injuries was brought against Kentucky Utilities Company by the injured girl, through her father as next friend, and another action to recover for loss of services and for cost of nursing care was brought by the girl's mother. The actions were tried together and at the close of all the evidence the court directed a verdict for the defendant. The plaintiffs have appealed from the judgment on that verdict.

The appellants maintain that the cases should have been submitted to the jury under an attractive nuisance theory. We do not agree.

■ Two elements essential to the application of the attractive nuisance doctrine are (1) the existence of a condition *dangerous* to children, or as stated in the Restatement of the Law of Torts, Section 339, a condition "involving an unreasonable risk of death or serious bodily harm to such children," and (2) actual or charged knowledge on the part of the defendant of the existence of the dangerous condition. Alvis' Adm'r v. Weaver, 206 Ky. 95, 266 S.W. 888; Puckett v. City of

Louisville, 273 Ky. 349, 116 S.W.2d 627; Bates v. Caudill, Ky., 255 S.W.2d 487; Fourseam Coal Corp. v. Greer, Ky., 282 S.W.2d 129.

■ Here, it may be assumed that the protruding piece of wire constituted a condition dangerous to children, who could be anticipated to be exposed to the danger by reason of the pole and wire being upon or in close proximity to the school playground. However, the pole and wire, if in proper condition, would not have constituted an attractive nuisance, because not involving an unreasonable risk of danger to children. Mayfield Water & Light Co. v. Webb's Adm'r, 129 Ky. 395, 111 S.W. 712, 18 L.R.A.,N.S., 179. Therefore, in order to impose liability upon Kentucky Utilities Company, it was necessary to show either that the company knew or should have known of the protruding piece of wire.

■ The evidence showed that the pole and wire had been installed about three weeks before the accident, and there was positive testimony that upon completion of the installation the wire was properly wrapped and there were no protruding ends of the wire. Witnesses for the company testified that their examination of the wire, after the accident, showed that the protruding piece had recently been pried loose with some instrument, and that the wire had been tampered with. There was no evidence for the plaintiffs to show that the defective condition had existed for a sufficient period of time to justify charging the company with knowledge of it. Accordingly, the essential element of actual or charged knowledge of the dangerous condition is missing, with the result that the plaintiffs' claims must fail. See Kentucky Utilities Co. v. Guyn's Adm'r, 280 Ky. 558, 133 S.W.2d 929.

The appellants maintain that they should have been granted a new trial on the ground of newly discovered evidence, which was that another school child, while running in the playground during a recess about one

month before the accident here in question, fell over the guy wire. We cannot conceive how this evidence could have any relevance to this case.

The judgment is affirmed.