CASE 14.—ACTION BY DANIEL THOMPSON BY NEXT FRIEND
AGAINST THE CUMBERLAND TELEPHONE &
TELEGRAPH COMPANY.—April 29, 1910.

## Thompson v. Cumb. Telp. & Telg. Co.

Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

WM. H. FIELD, Judge.

From a judgment of dismissal plaintiff appeals.— Affirmed.

1.  Negligence—Injuries to Trespassing Children—Liability.— One maintaining an instrumentality alluring to children trespassing on his premises is not liable for injuries to the children, unless he knows, or in the exercise of reasonable care ought to know, that his structure is attractive to children and endangers them.

2.  Negligence—Injury to Child—Telegraph Pole as Attraction.— A telegraph company, maintaining a pole with a guy wire attached and prongs exposed, does not maintain an instrumentality attractive or dangerous to children, so as to render it liable for injuries to a child attempting to climb the pole, and slipping and catching his finger in the angle between the projecting prong and the rest of the wire, whereby it was torn off.

POPHAM, WEBSTER & TRUSTY, KOHN, BAIRD, SLOSS & KOHN and ALBERT NESBIT for appellant.

FAIRLEIGH, STRAUS & FARLEIGH and NICHOLAS H. DOS-KER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Suing by his next friend, Donald Thompson, an infant four years of age, brought this action against

the Cumberland Telephone & Telegraph Company for damages for personal injury. The demurrer of the Cumberland Telephone & Telegraph Company was sustained to the original petition, and to each of the amendments thereto, including an amended and substituted petition. Having declined to plead further, the petition was dismissed. From that judgment this appeal was prosecuted.

Omitting those matters which it is unnecessary to set forth, the petition is as follows: "That on or about the 4th day of September, 1909, and for a long time previous thereto, defendant, its servants and agents, with gross negligence maintained a telegraph pole and a wire cable connected therewith in the sidewalk of Twenty-sixth street, near Dumesnil street, in the city of Louisville, in such a dangerous and defective condition as to endanger the lives and persons of pedestrians on said Twenty-sixth street, and especially the lives and persons of small children. That said dangerous and defective condition of said pole and cable attachment consisted in the exposure of the strands of prongs of said cable, a few feet above said sidewalk, in such a manner as to form a highly dangerous trap for the limbs of persons passing near thereto. That said exposure continued for an unreasonable time before the said 4th day of September, 1909. That as a result of said gross negligence, in exposing the dangerous part of said cable, plaintiff, Donald Thompson, an infant four years of age, while on the sidewalk in front of the house where he was staying, became caught therein by the index finger of his left hand, and said finger was jerked off the hand of plaintiff, causing him to suffer great mental and physical pain, to become deformed in his left hand, and to become permanently

impaired in his power to earn money after he shall have arrived at the age of 21 years, to his damage in the sum of $2,000."

·Afterwards the petition was amended as follows: "Comes plaintiff, by counsel, and for amendment to his original petition herein says that the danger of which he complains in his original petition consisted in the exposure of the strands on the cable; that his hand was caught in the wire by playing around and upon the lowest step of the telephone pole complained of, by reaching his hand out and placing it near the exposed strands on the cable, and by stepping off from the lowest step on said pole to the sidewalk; that in thus stepping off his finger caught between the strands of wire and was jerked off and held in the cable."

The amended and substituted petition is as follows: "That on or about the 4th day of September, 1909, and for a long time previous thereto, defendant, its servants and agents, with gross negligence maintained a telegraph pole and a wire cable connected therewith in the sidewalk of Twenty-sixth street, near Dumesnil street, in said city of Louisville, in such a dangerous and defective condition as to endanger the lives and persons of pedestrians on said Twenty-sixth street, and especially the lives and persons of small children. That said dangerous and defective condition of said pole and cable attachment consisted in the exposure of the strands or prongs of said cable a few feet above said sidewalk, in such a manner as to form a highly dangerous trap for the limbs of persons passing near thereto. That the danger of said situation was increased for little children, and was made an attractive and dangerous trap for little children, by the fact that the lowest step on

said pole was so near the ground that a child four years of age could step from the ground thereon, and by the further fact that the exposed prongs on said cable attachment were so near said lowest step that a child four years old could reach them while standing on said lowest step. That said exposure and said dangerous and attractive nuisance for children continued for an unreasonable time before the said 4th day of September, 1909. That as a result of said gross negligence in exposing said dangerous and attractive nuisance the plaintiff, Donald Thompson, an infant four years of age, while playing on the sidewalk in front of the house where he was staying, and while playing around and upon the lowest step of said telephone pole, became caught in said exposed strands or prongs by the index finger of his left hand, so that, when his weight fell upon said left hand, said finger was jerked off his hand, causing him to suffer great mental and physical pain, to become deformed in his left hand, and to become permanently impaired in his power to earn money after he shall have arrived at the age of 21 years, to his damage in the sum of $2,000.''.

Thereafter the following amendment to the amended and substituted petition was filed: ''For amendment to his amended and substituted petition herein, plaintiff says: That Exhibit A, filed herewith and made a part hereof, is a true and correct representation of the pole and cable attachment where he was injured. That at the time he was injured the free end of the cable where it is double, marked 1, was not wrapped as shown in said Exhibit A, but was exposed a few feet above the sidewalk, with prongs projecting so as to be a menace to pedestrians walking along said sidewalk. That it was in said exposed

and unprotected strands that plaintiff's finger became caught, so as to be jerked off, as set forth in his amended and substituted petition. That Exhibit B, filed herewith and made a part hereof, represents the usual and customary box protection for doubled cable attachments to wire poles commonly used in the city of Louisville; and that the cable shown in Exhibit A, by which plaintiff was dismembered, was highly dangerous by reason of the absence of said usual box protection and said other dangers."

Accompanying the last amendment are two photographic exhibits. These exhibits show that the injury occurred on the guy wire which appellee had constructed near one of its poles for the purpose of supporting and reinforcing the same. The guy wire is two small cables, consisting of two or more rather thick wires. These are tied to the pole near the top and drawn at an agle to the ground. There they are passed through a hole in a stake, thus forming a loop. Then the cable is drawn up a few feet, where it is tied. The complaint in this case is that the ends of the wires were not tied or inclosed in any manner, but were left exposed; that the child climbed up the step on the bottom of the pole, and reached out its hand, when it came in contact with a prong. As he stepped down, his finger was jerked off.

The real question in this case is whether or not the pole, with the guy wire attached and prongs exposed, constituted an attractive or dangerous trap for little children. The tendency of the more recent cases is to restrict, rather than to enlarge, the principle laid down in what are called the "turntable cases," and to hold that the defendant is not liable unless he knows, or ought in the exercise of reasonable care to know, that his structure was and is alluring to children and

endangers them. Schauf's Adm'r v. City of Paducah, 106 Ky. 228, 50 S. W. 42, 20 Ky. Law Rep. 1796, 90 Am. St. Rep. 220. In the recent case of Mayfield Water & Light Co. v. Webb's Adm'r, 129 Ky. 395, 111 S. W. 712, 33 Ky. Law Rep. 909, 18 L. R. A. (N. S.) 179, the facts were as follows: The appellant maintained poles strung with highly charged wires at a height of 18 feet from the ground. A telephone company subsequently erected poles on the same side of the street at a height of 30 feet. As its line turned at the point where the accident occurred, it attached two guy wires to the top of the pole, and ran them to a log buried in the ground at an angle of 45 degrees. The guy wires passed within 8 inches of the electric wires. The children of the neighborhood would hold onto the upper guy wire with their hands, climb up on the lower wire, and then slide down. Charles Webb, a little boy 11 years old, was playing on the wire in this way when his head touched the electric wire, thus completing the circuit, and causing his death. In discussing this case the court said: "As long as electric wires are not put underground, they must be put on poles, and where they are placed above the street as high as 18 feet the company should not be required to anticipate that children will climb up to the wires and get hurt. Guy wires are necessarily on high poles at street corners where the line turns. A guy wire placed on a high pole to keep it in place, or some such contrivance, cannot well be dispensed with. Such a wire is not a dangerous instrumentality, attractive or alluring to children, within the meaning of the turntable cases. The little boy was a trespasser upon the defendant's wire, and, being a trespasser, cannot now complain that the premises were unsafe. Children, no less than

adults, when they trespass upon the property of another, take the risk, unless the circumstances bring the case within the principle of what is known as the turntable cases, where a dangerous instrumentality is maintained with knowledge, actual or constructive, that it is alluring to children and endangers them. A wire 18 feet above the ground, which can only be reached as this wire was, cannot be said to fall within the exception to the general rule.'' It will be observed that the court held that a guy wire is not a dangerous instrumentity, attractive and alluring to children, within the meaning of the turntable cases.

In the case before us the exposure of the prongs of the guy wire did not render it dangerous, unless used in a manner which could not be anticipated. If the guy wire had been charged with electricity, and had been placed so near the ground that mere contact with it was probable and would certainly result in injury, a different question would be presented. There is always danger attending every act of a child when he attempts to climb anything. The limbs of a tree break, and he may fall, yet it will not be contended that the owner must see that the lower limbs of the tree are sufficiently strong to maintain the weight of any child who may take a notion to climb the tree. Then, too, a child may slide down a tree and come in contact with a jagged edge of a broken limb. It cannot be contended that the owner is responsible because he failed to see to it that the place where the limb broke was made perfectly smooth. The danger to the child was not inherent in the guy wire, but the child was injured because of the fact that he climbed the pole and his foot slipped. In our opinion, it was an unfortunate accident, and one

which appellee could not have reasonably antici-
pated.

Judgment affirmed.