## Wolford v. Majestic Colleries Company.

(Decided October 28, 1921.)

### Appeal from Pike Circuit Court.

1. Master and Servant—Negligent Operation of Coal Car—Pleading. —A petition alleging that plaintiff had sustained injuries through the reckless and negligent operation of a car operated by defendant coal company, upon which he had been invited by defendant's employes to ride and which invitation was in accordance with a custom of carrying passengers on said car, which had existed for eight or ten years, was known to, acquiesced in and approved by the company, states a cause of action.

2.  **Master and Servant—Negligent Operation of Coal Car.—Though** plaintiff had paid no fare, his presence on a car operated by defendant at the invitation of its employes, and in accordance with a long indulged in custom of carrying passengers thereon, same being with the knowledge, acquiescence and approval of the company, imposed upon the company the duty to exercise ordinary care for plaintiff's safety.

P. B. STRATTON and A. L. RATCLIFFE for appellant.

J. J. MOORE for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

In this suit instituted by appellant, damages were sought for injuries sustained by him growing out of the alleged negligence of appellee in the operation of a car on its line of railway between Cedar, W. Va., and the company's mine at Majestic, a distance of about two miles.

The lower court sustained demurrers to the petition and to the petition as amended, complaining of which this appeal has been prosecuted.

Appellee owns and operates a coal mine at Majestic, Ky., and so as to reach the main line of the Norfolk and Western Railway at Cedar, W. Va., it constructed a line of road along Poplar Creek from its mine to the station aforesaid. Over said line it operates a small car for the purpose of carrying express and mail, and, as alleged in the petition, used said car for the purpose of carrying passengers between Cedar, W. Va., and the company's mine.

It is alleged that while riding on the car aforesaid, due to its reckless and negligent operation and its high rate of speed, the car jumped the track and threw appellant therefrom and he thereby sustained certain injuries, as set out in the petition.

It is alleged that the company had been operating this car for eight or ten years and it had actual notice during said period that its agents, servants and employes, in charge of its operation, invited various persons to ride thereon, between the mine and Cedar, W. Va., and that they were carrying passengers on said car between said points by invitation; that defendant acquiesced in said use of the car in the carrying of passengers between said points by invitation, and ratified, acquiesced in and approved of the acts of its agents and employes in the oper-

ation of said car, and this acquiescence and approval covered a period of ten years. At the time of appellant's injury it is alleged that appellee's manager and mine superintendent, who had authority over all of the company's employes, was in charge of the operation of the car, and that appellant was on said car with the knowledge of said manager or superintendent.

The lower court was of the opinion that the petition as amended did not state a cause of action, but with this conclusion we cannot agree. This is not (a), the case of a person entering the car of a railroad company without the knowledge or consent of the company, but merely upon the invitation or with the acquiescence of employes who had no authority to give such permission, but (b), it presents a situation where, according to the petition as amended, not only was appellant invited to ride on the car by the company's employes, but this custom of carrying passengers on said car had existed for eight or ten years; was known to the company and it had acquiesced in and approved of this act of its employes in the carrying of such passengers.

In the first class of cases it is generally held that such permission does not make the person invited other than a mere licensee and the company is under no duty to protect him from injury, except that it shall not wantonly or willfully injure him, and it shall exercise ordinary care to protect him after discovering him in a dangerous position. 33 Cyc. 817; Dalton v. L. & N. R. R. Co., 22 Rep. 97, 56 S. W. 657. But where the officers of a company know of the custom of its employes in carrying passengers on a train not designed or intended for that purpose, and acquiesce therein, a different relation is involved. As to this latter class the company owes to them the duty of using reasonable or ordinary care for their safety, and the question of whether the company has discharged its duty of ordinary care towards such an invitee is usually a question of fact for the jury. 22 R. C. L. 929.

Owens v. Yazoo & Miss. Val. R. R. Co., 94 Miss. 378, 47 So. 518, 136 Am. St. Rep. 579, furnishes a good illustration of the second class of cases above referred to. Plaintiff in that case was a member of the family of a foreman of an extra section gang; they lived in camp cars, in other words, a moveable house; she was injured while crossing from one car to the other, due, as alleged, to the negligence of the company's employes in failing to make fast a board used as a walkway between the cars.

Although there was a rule of the company forbidding members of the crew living in said cars with their families, it was shown that the company knew that this family was living in said cars, and with this knowledge permitted them to so remain, a custom generally followed by such employes and their families at the time of the injury. The court there held that plaintiff was not a trespasser in any sense. She was living in the cars, with the full knowledge and consent of the company, in accordance with its usage and custom, and being where she was, with the full knowledge and consent of the company, the company owed her the nondelegable duty of a master to furnish a safe place to live, amongst others a safe platform to pass from car to car, and also owed her the duty of ordinary care. While it did not owe her the duty of extraordinary care in the absence of any contractual relations, the court says it certainly did owe her in her situation, being where she was with the knowledge and consent of the company, the duty of ordinary care. To same effect see St. Joseph & West R. Co. v. Wheeler, 35 Kan. 185, 10 Pac. 461; Rosenbaum v. St. Paul & Duluth R. R. Co., 38 Minn. 173, 8 Am. St. Rep. 653; Matthews v. Great North. Ry. Co., 81 Minn. 363, 84 N. W. 101, 83 Am. St. Rep. 383.

Appellant paid no fare and was therefore being carried gratuitously, but under the allegations of the petition as amended, the long indulged in custom of carrying passengers on appellee's mail and express car, with the alleged knowledge of the company and its acquiescence and approval, the company was bound to have exercised at least ordinary care for the safety of appellant.

The petition as amended stated a cause of action and the court erred in overruling the demurrer to same.

The judgment is accordingly reversed for further proceedings consistent herewith.