## Smith, By, etc. v. Hines, Director General of Railroads, et al.

### (Decided December 15, 1925.)

### Appeal from Franklin Circuit Court.

1. Railroads—Standing Freight Car Not "Attractive Nuisance."—A standing freight car is not a dangerous piece of machinery within the attractive nuisance class, which railroad is required to guard against trespassing children.
2. Negligence—Injuries for which Owners of Attractive Nuisances are Answerable Must be Caused by Action of Instrumentality Set in Motion by Youth.—Injuries for which owners of attractive nuisances are answerable must be caused by some positive action of dangerous machinery or instrumentality, set in motion by youth not in possession of sufficient discretion to realize that what he was doing would set it in motion and result in his injury.
3. Railroads—Petition for Injuries to Child Falling from Box Car Held Insufficient.—Petition alleging injuries to infant when he fell from standing box car upon which he was playing held not to state facts for which railroad company is liable as maintaining an attractive nuisance without properly safeguarding children attracted thereby.

DULIN MOSS and HAZELRIGG & HAZELRIGG for appellant.

MORRIS & JONES and WOODWARD, WARFIELD & HOBSON for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

The trial court sustained a demurrer to the petition of appellant herein as finally amended, and, upon his declining to plead further, dismissed it. Hence the appeal.

It remains, then, for this court to determine whether or not the petition as amended stated a cause of action. We gather from its allegations that the L. & N. Railroad Company owns and maintains a freight depot and freight yard in Frankfort, Kentucky. Freight cars may usually be found standing on its tracks alongside the freight depot. The yard and depot are located in a populous portion of the city of Frankfort. Children of varying ages are accustomed to play upon and about the freight cars standing in the yard. From the frequency of their so doing and the fact that it is done within the range of vision of the railroad employes in the yards and at the depot, as the allegations of the petition express it, we may assume that they had knowledge of that custom.

On July 6, 1919, appellant, Henry Smith, an infant then ten years of age, was playing upon a box car standing in its yard alongside its freight depot and fell from it and broke his arm. The fall was not caused by any movement of the car on which it is alleged the child was playing but solely by his own inadvertence and misfortune. The petition alleged that the car in question was equipped with hand-holds running up its side to its roof, constituting a ladder for use of the railroad employes, and that the car and these hand-holds and the ladder were an attractive nuisance, and that appellee was negligent in not having taken any precaution to safeguard appellant from it and to warn him of the danger.

The statement of the case, it would seem, is sufficient to demonstrate that appellant has no cause of action. In L. & N. Railroad Company v. Bennett's Admr., 207 Ky. 498, decided February 24th of this year, the cases from this jurisdiction growing out of the custom of youths to board and ride upon moving freight trains and injuries resulting from their so doing were collated and discussed at much length. As may be seen by reference to that opinion and the cases therein cited, the general rule in this state is, with reference to children boarding and riding upon moving freight trains and cars at places where they have been accustomed to do so, the railroad company owes them no duty save to prevent their injury after a discovery of their peril. The only modification

of that rule appears in L. & N. Railroad Company v. Steele, 179 Ky. 605, where because of the fact that those in charge of the moving train had invited and encouraged an eight-year-old child habitually to board it at a certain place, the company thereby assumed the duty of anticipating that the child would continue to do so and was required to keep a lookout for him at that place to protect him from injury.

It is readily apparent that moving freight trains and cars are a great deal more dangerous to children than are mere standing idle cars; and it is hard for the court to understand why it should impose upon a railroad company the duty of exercising greater care with reference to a less dangerous agency. The court has tried to assume a case offering less of the elements of a cause of action than that sought to be pleaded in appellant's petition, but it has been unable to do so. If appellee can be made to respond in damages for the injuries suffered by appellant, under the facts stated in the petition, then if children should with my knowledge play in my yard and climb one of the trees standing therein and by misfortune fall and be injured, I could be made to answer in damages therefor.

A standing freight car is not a dangerous piece of machinery such as brings it within the attractive nuisance class. It has no mechanism or mechanical features liable to cause injury to a child lacking sufficient discretion to appreciate the danger. Nothing that such a child may do with reference to a standing freight car can put in motion any dangerous mechanism of the car such as is liable to result in injury to the child. There is nothing about a standing freight car inherently dangerous to a child not yet arrived at the age of discretion. That element has universally been present where the attractive nuisance doctrine has been applied. Injuries for which the owners of attractive nuisances have been made answerable by the courts have universally been caused by some positive action of the dangerous machinery or instrumentality set in motion by the youth not possessed of sufficient discretion to realize that what he was doing would set it in motion and result in his injury. In the case now before us there were no dangerous mechanism or instrumentalities about the car. The hand-holds and ladder complained of were not dangerous. They are required by law to be placed upon cars for the use of those in charge of them. The child was not caused to fall from the car by the movement of any of its parts which,

to his indiscreet judgment, seemed to be safe; he fell by his own inadvertence and misfortune. Therefore, the petition falls far short of pleading a state of facts for which appellee may be held liable as maintaining an attractive nuisance without properly safeguarding children attracted thereby.

The action of the trial court in sustaining the demurrer to the petition may be sustained not only for the reasons hereinbefore mentioned, but under authority of Coon, et al. v. L. & I. T. R. Co., 163 Ky. 223; Mayfield Water and Light Company v. Webb's Admr., 129 Ky. 395; Hermes' Admr. v. Hatfield Coal Company, 134 Ky. 300; Louisville & Portland Canal Co. v. Murphy, 9 Bush 522; Schauf's Admr. v. City of Paducah, 106 Ky. 228; Meyer v. Union Light, Heat & Power Co., 151 Ky. 332, and Thompson v. Cumberland Telephone & Telegraph Co., 138 Ky. 109.

Wherefore, the judgment herein is affirmed.