# Durbin v. Louisville & N. R. Co.

February 18, 1949.

J. Mott McDaniel and V. S. Beatty, for appellant.

C. S. Landrum, C. E. Rice, Jr., E. B. Rose and H. T. Lively for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This is an appeal from the action of the court below in peremptorily instructing the jury to render a verdict for the defendant.

Appellant, at the time of the accident, was 13 years of age. Action was instituted below by his statutory guardian to recover for personal injuries sustained when he was run over by appellee's train.

The evidence shows that appellant was walking near the tracks of appellee when two boys called him and asked that he climb in a coal car to assist them in removing a plank from the car. Appellant complied with this request. It appears that he climbed on the car, straddling the side of it, and was in the act of assisting in removing the plank, when, without warning, the train started, throwing him off. He was run over, and as a consequence lost both arms, one just below the elbow and the other just above.

As grounds for reversal appellant raises 14 points in his brief, many of which overlap and are interwoven. The questions raised, therefore, will be considered without regard to the order or number as set out.

The major portion of appellant's brief concerns the contention that the railroad cars, under the facts and circumstances of this particular case, were an attractive nuisance. Apparently not unmindful that we have on numerous occasions held that a railroad car as such is not an attractive nuisance, appellant insists that when taken in conjunction with other facts and circumstances it may become such. Here it is insisted that appellee for a period of 30 or 40 years not only permitted the children of Heidelberg to make a playhouse of its standing and moving cars, but that its employees actually invited and enticed the children to play on the cars, and to assist in cleaning the empty cars en route to the coal fields; that appellee knew the children had been in the habit of playing on the cars and had encouraged them so to do when in fact it was appellee's duty to prohibit such practice; and that its employees attention had been called to, and objections made to permitting these children to play on the cars. It is insisted that because of this knowledge and practice, appellee should have anticipated that children were playing on the cars, and, con-

sequently, the duty arose to exercise ordinary care to prevent injury to them.

We have no disposition to alter our view that a railroad car is not an attractive nuisance. If appellant is to prevail in his contention herein it must be based upon the fact that at the time of the accident Virgil Durbin was either an invitee or a licensee. Appellant insists that it was negligence upon the part of appellee to permit the children of Heidelberg to make a playhouse of its standing and moving cars and to acquiesce in this practice for 30 or 40 years; and that they had a duty to prohibit these children from playing on and about the cars and trains and that instead of performing that duty they really invited the children to play on and about the cars and on occasions encouraged them in cleaning out the empty cars en route to the coal fields.

The testimony of appellant shows that through a period of years the children of the town rode these trains. Effort was made to introduce testimony relative to invitations on the part of some unidentified trainman on occasions previous to the day of this accident, but the court properly excluded this evidence since what took place on previous occasions is incompetent. Louisville & N. R. Co. v. Webb, 99 Ky. 332, 35 S. W. 1117, and Monehan v. South Covington & C. St. Ry. Co., 117 Ky. 771, 78 S. W. 1106.

However, testimony concerning observations by townspeople as to the habit and custom of the children in the community to ride trains was admitted, and doubtless, from the testimony, this was the habit and custom of the children. Consequently, appellant takes the position that these children were not trespassers but were either invitees or licensees. Shoffner v. Pilkerton, 292 Ky. 407, 166 S. W. 2d 870, is cited in support of this position. The general rule appears to be that a person permitted to come on the property of another for the benefit of the former alone is a licensee, while a person permitted to come for the mutual benefit of the parties is an invitee. In undertaking to establish that appellant was an invitee, testimony was introduced to show that employees of the company had encouraged children to help clean out the empty cars and thus save this work for appellee. This evidence also was excluded, and

properly so, since it happened on a day previous to the accident.

In the instant case the evidence shows that the boys were undertaking to get a plank out of a coal car for the purpose of splitting it up and selling as kindling. This apparently was for the benefit alone of the boys. It is not shown whether the plank was of such character as to be valuable to the railroad company or the property of the railroad company. If the boys were neither invitees nor licensees they were trespassers.

Taking for granted that all is true that was attempted to be proven, and that on some former occasion these children, or other children, were invited to play on the cars or to assist in cleaning the cars, this would by no means make them either invitees or licensees on this particular day for it becomes obvious that a person may be an invitee today, a licensee tomorrow, and the next day a trespasser. So we must, in the instant case, look at the particular circumstances and see what occurred on the day appellant was injured. There is no evidence that anything occurred between appellant and those persons operating this particular train. As stated above, the boys were undertaking to get a plank out of the car for their own benefit. There is no evidence that any of the trainmen knew of the presence of those boys, or that the particular conductor who had charge of this train, or any of the trainmen, knew anything about the habits or customs of the youngsters in the town of Heidelberg.

By numerous decisions we have held, with reference to children boarding and riding freight trains and cars at places where they have been accustomed so to do, that the railroad company owes them no duty save to prevent their injury after discovery of their peril. Louisville & N. R. Co. v. Bennett's Adm'r, 207 Ky. 498, 269 S. W. 549; Smith v. Hines, 212 Ky. 30, 278 S. W. 142, 45 A. L. R. 980; Jones v. L. & N. R. Co., 297 Ky. 197, 179 S. W. 2d 874, 152 A. L. R. 1259; Monehan v. South Covington & C. St. Ry. Co., 117 Ky. 771, 78 S. W. 1106; Swartwood's Guardian v. Louisville & N. R. Co., 129 Ky. 247, 111 S. W. 305, 19 L. R. A., N. S., 1112, 130 Am. St. Rep. 465; and Louisville & N. R. Co. v. Thornton's Adm'r, 58 S. W. 796, 22 Ky. Law Rep. 778.

Appellant insists that since it was the custom of the

children to play on and about the railroad cars and this fact was known to appellee, it could have reasonably been anticipated that these children were doing what they had been accustomed to do, and that by its failure to sound a warning before starting the train, the company by an affirmative act breached the duty owed to anticipated licensees.

The case of Louisville & N. R. Co. v. Vaughn, 292 Ky. 120, 166 S. W. 2d 43, is cited by appellant as authority for recovery based on the doctrine of an attractive nuisance. However, that case, as do so many cases concerning an attractive nuisance, involved a railroad turntable. The court therein held that the 9 year old child could recover for the personal injuries he sustained while playing on an insecurely fastened turntable, located in an accessible place, without proving actual or constructive knowledge on the part of the company that children were playing there at the particular time. It must be borne in mind, however, that one of the restrictions placed on the turntable doctrine is its inapplicability to railroad cars or trains.

Much more in point is the case of Lyttle, Adm'r, v. Harlan Town Coal Co., 167 Ky. 345, 180 S. W. 519, 521. There, a small girl, who was in the habit of playing with her brothers and sisters at the foot of a steep hill on the property of the defendant company, was killed by a rock which was thrown off the road from above and down the hill by an employee of the defendant company. In reversing a directed verdict, the court stated that the knowledge of the defendant of the habit of the children in playing there was sufficient to remove the case from the harsh rule defining the duty owed to a trespasser. The court stated that its decision was not a departure from or a modification of the rule that the duty owed a trespasser is the same, without regard to his age, "but is merely a new application of what is known as the 'attractive nuisance' doctrine, which we think may be well extended to embrace the case we have."

Also cited is the case of Louisville & N. R. Co. v. Steele, 179 Ky. 605, 201 S. W. 43, L. R. A. 1918D, 317. The facts of that case are substantially similar to those of the case at bar. Therein a young boy was thrown under a car and suffered the loss of a leg. The evi-

dence there, however, was that the *conductor* had invited and urged the youth to board the train and the opinion distinguished the Webb and Swartwood cases, supra, on the basis of express invitation, but states further that liability will attach if the company, by its servants, encourages, invites, *or permits, tacitly or otherwise,* children to ride the train. Also, in the decision the court ruled that evidence as to the habit or custom of the children in respect to boarding trains was admissible. Although this case and the Swartwood case are easily distinguishable on the facts, the rule as stated draws an extremely fine distinction. We cannot escape the fact, however, that conductor Wilder saw Steele in his position of peril before the train started. Consequently, this was a case of "discovered peril."

The case of Wolford v. Majestic Collieries Co., 192 Ky. 640, 234 S. W. 204, holds that when, with knowledge, a company acquiesces in the habit and custom of their employees in inviting and permitting persons to ride the trains, the persons are not in the position of trespassers or mere licensees, and the duty of the company is to use reasonable care for their safety. Appellant in the Wolford case was being carried gratuitously as a passenger. In discussing the two classes of cases arising under such or similar circumstances, the court said:

"In the first class of cases it is generally held that such permission does not make the person invited other than a mere licensee, and the company is under no duty to protect him from injury, except that it shall not wantonly or willfully injure him, and it shall exercise ordinary care to protect him after discovering him in a dangerous position. 33 Cyc. 817; Dalton's Adm'r v. Louisville & N. R. R. Co., 56 S. W. 657, 22 Ky. Law Rep. 97. But where the officers of a company know of the custom of its employees in carrying passengers on a train not designed or intended for that purpose, and acquiesce therein, a different relation is involved. As to this latter class the company owes to them the duty of using reasonable or ordinary care for their safety, and the question of whether the company has discharged its duty of ordinary care towards such an invitee is usually a question of fact for the jury. 22 R. C. L. 929."

Among the authorities relied on by appellee is the

case of Louisville & N. R. Co. v. Webb, 99 Ky. 332, 35 S. W. 1117. In that case the conductor permitted various boys who helped him unload the train to ride from the station to the water tank. On the day of the accident, the plaintiff had not assisted in the unloading and the conductor did not give him permission to ride. However, the plaintiff got on and rode to the tank and evidently was seen by the conductor. At the tank the boys alighted, but when the train started, they hung on the outside, and in getting off the plaintiff was thrown under the train. The court on appeal reversed the judgment for the plaintiff and in doing so held the testimony as to what the conductor had permitted on other days was improperly admitted. In distinguishing this case from the Steele case, supra, the latter opinion infers that the result might have been different had the accident occurred before the train reached the tank, the point at which the children customarily alighted.

In Louisville & N. R. Co. v. Bennett's Adm'r, 207 Ky. 498, 269 S. W. 549, several boys boarded a freight train at one station to ride to another. The opinion states that for many years this had been the habitual practice of the men and boys of the community, and that while some crews objected, generally such was permitted without objection. The opinion proceeds upon the theory that although there was no positive evidence that the crew saw the group, they could have anticipated that they were on the train. The court, however, held that the company owed no duty to the plaintiff until they discovered his peril and stresses the impossibility of standing guard over such persons to prevent them from alighting while the train is in motion, saying that the same would be true even of a paying passenger.

In Jones v. L. & N. R. Co. et al., 297 Ky. 197, 179 S. W. 2d 874, 152 A. L. R. 1259, a directed verdict in favor of the defendants was affirmed. There a boy was killed when he jumped or fell from a car which started moving. The liability attempted to be proved on appeal was that of the coal company, not that of the railroad company, and the negligence attempted to be shown was a defective brake and the maintenance of an attractive nuisance. But, as was held earlier in Smith v. Hines, 212 Ky. 30, 278 S. W. 142, 45 A. L. R. 980, a railroad car

is not an attractive nuisance. In Swartwood's Guardian v. Louisville & N. R. Co., supra, a demurrer was sustained to the petition, which alleged that the plaintiff was attracted to the train by the practice of children jumping on and off, and that such practice was known to the company.

Monehan v. South Covington & C. St. Ry. Co., 117 Ky. 771, 78 S. W. 1106, held that the street car company was not liable for the injuries sustained by an infant who fell from a rear step, and further held that the court below did not err in excluding evidence that children often trespassed on the company's cars and such was known to the company.

Herein it would appear that although the sweeping dicta of the Steele case might authorize a recovery on the ground of passive permission, the court has, since that case, limited the rule to the facts, e. g., an express invitation, and has not used it as authority to sustain a recovery under other factual situations.

Therefore, the evidence being entirely insufficient to take the case to the jury on the question of express invitation, and there being an entire lack of evidence that the conductor or any of the crew having charge of the train knew of the presence of the appellant on the train or his position of peril, the court properly gave the peremptory instruction in favor of appellee.

Wherefore, the judgment is affirmed.