Joseph Soverino, a Minor, by Frank Soverino, his Next
Friend, Appellant, v. Baltimore and Ohio Railroad
Company, Appellee.

Gen. No. 46,208.

Opinion filed May 11, 1954. Rehearing denied June 3, 1954. Released for publication June 3, 1954.

BASKIN & SERVER, of Chicago, for appellant; CHARLES D. SNEWIND, of Chicago, of counsel.

CHARLES F. WHITE, and E. W. LADEMANN, both of Chicago, for appellee; EDWARD J. FLEMING, of Chicago, of counsel.

. MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff, a minor, brought this suit for personal injuries sustained while playing in and about a boxcar placed by defendant on a siding near a public street. He bases his case on the attractive nuisance doctrine. A motion to dismiss the complaint was filed by de-

fendant on the ground that the complaint did not state a cause of action. After hearing arguments, the court sustained the motion and struck the complaint. No leave to file an amended complaint was asked by plaintiff, and the court thereupon dismissed the suit. Twenty-nine days later plaintiff appeared on a motion unsupported by affidavit, seeking to vacate the judgment and asking for leave to file an unverified amended complaint. The court denied the motion and plaintiff prosecuted this appeal from the judgment and from the order denying the motion to vacate.

Plaintiff's position is in substance that a court should as a matter of course vacate a judgment entered within the thirty-day period and permit the plaintiff, without any showing of fact, to have another opportunity to present a case. He argues that the mere submission of an amended complaint alleging some additional facts without any showing other than their unverified averment was sufficient and that the court abused its discretion in refusing to allow his motion. He bases this argument upon the liberal policy of the law, as reflected in various statutes, with respect to the allowance of amendments in order that a case may receive a hearing upon its merits. To this the defendant replies that the provisions of the Practice Act with respect to liberality in amendments *after judgment* relate only to such amendments as are necessary to make the pleadings conform to the proof. The first question we will consider is whether the court abused its discretion when it denied the motion to vacate, thereby depriving the plaintiff of the opportunity to amend his complaint.

■■ We are referred by the parties to various sections of the Practice Act and to a section of the Act relating to Judgments and Decrees. This latter section, chap. 77, sec. 83, par. 2 [Jones Ill. Stats. Ann. 104.100], of Smith Hurd's Illinois Annotated Statutes, provides

that a judgment may be vacated prior to the expiration of thirty days from the date of its rendition wherever, under the law, it might have been vacated prior to the expiration of the term of court at which it was rendered or in pursuance of a motion made at that term. The only effect of that statute is to substitute a period of thirty days for what was formerly term time. We do not see in this any relevancy to the issues of the instant case.

Three sections of the Practice Act have some relevance to the issues. Sections 46(1) (Ill. Rev. Stat. 1953, chap. 110, par. 170(1) [Jones Ill. Stats. Ann. 104.046, subd. (1)] provides:

"At any time before final judgment in a civil action, amendments may be allowed on such terms as are just and reasonable, . . . ."

Section 46(3) of the Act (Ill. Rev. Stat. 1953, chap. 110, par. 170(3) [Jones Ill. Stats. Ann. 104.046, subd. (3)] provides:

"A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon such terms as to costs and continuance as may be just."

Section 50(7) of the Act (Ill. Rev. Stat. 1953, chap. 110, par. 174(7) [Jones Ill. Stats. Ann. 104.050, subd. (7)] provides:

"The court may in its discretion before final judgment, set aside any default, and may within thirty days after entry thereof set aside any judgment or decree upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable."

 We will first consider section 46(3), the only one which provides that pleadings may be amended after judgment. This, however, is limited to amendments necessary to conform the pleadings with the proof. The statute was designed to remedy the hardship

of a rule of practice known as *"allegata et probata"* which required that the allegations of a complaint and the proof adduced in support thereof must correspond. That rule was at one time so rigidly enforced that a technical discrepancy in a date, a detail of description, or a name was fatal to plaintiff. The statute has no relation to an amendment such as that offered by plaintiff in the instant case. The case of *North Pier Terminal Co. v. Hoskins Coal & Dock Corp.*, 402 Ill. 192, makes this clear. In that case a judgment for the plaintiff was reversed by the Appellate Court and the cause was remanded with directions to enter a judgment for the defendant *non obstante veredicto* because of the insufficiency of the complaint. On appeal to the Supreme Court the plaintiff desired only a reversal of that portion of the order which directed entry of the judgment, claiming that this foreclosed him from asking the trial court for leave to amend the complaint to cure the pleading defects. The court held that the judgment of the trial court was a final one and that by the terms of the statute the right to seek an amendment, save for the purpose of changing the pleadings to conform to the proof, ceased to exist. The judgment in the instant case was as final as any judgment against a plaintiff can be. A motion to vacate does not destroy that finality. (*Deibler v. Bernard Bros., Inc.*, 385 Ill. 610.) Section 46(3), *supra,* does not therefore help plaintiff's position, nor does section 46(1), *supra,* which relates only to amendments made before final judgment.

■ There is left for consideration only section 50(7), *supra,* which provides that a court may in its discretion within thirty days after the entry of a judgment vacate the same "upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable." As we have stated, there was no attempt in the instant case to do anything more than to file a motion unsupported by affidavit and to submit

361

an amended complaint signed by the attorneys and unverified. This was not compliance with the statute. Plaintiff, however, argues that he has not had an opportunity to present the merits of his case; that the court had general power over its judgments and decrees entered within the thirty-day period in order to correct technical or legal errors or to prevent an injustice. The suit was dismissed because the original complaint failed to state a cause of action. That was in a sense as much a hearing on the merits of the case as a trial. The facts stated were admitted and the court decided that the complaint was not adequate. If at that time plaintiff had other facts to present to the court, he should have requested an opportunity to amend his complaint before allowing judgment to be entered. The original complaint relied on the fact that a car containing hay or straw was allowed to remain on the premises on an open siding not shut off from the public highway "that surrounds and is adjacent to said siding." A standing railroad car is not *per se* an attractive nuisance. (See *Chicago & A. R. Co. v. McLaughlin,* 47 Ill. 265, 267; *Colby v. Chicago Junction Ry. Co.,* 216 Ill. App. 315, 319–20; *Rodgers v. Beach,* 288 Ill. App. 462, 467; *Smith v. Hines,* 212 Ky. 30, 278 S. W. 142, 143; *Durbin v. Louisville & N. R. Co.,* 310 Ky. 144, 219 S.W.2d 995; *Jones v. Louisville & N. R. Co.,* 297 Ky. 197, 179 S.W.2d 874.) The amended complaint added an averment that some of the hay had been removed or had spilled from the boxcar and was allowed or permitted by defendant to remain in piles or stacks on its property in juxtaposition with the boxcar and in close proximity with its switchtrack without being shut off from the public highway. Plaintiff nowhere gave a clearer picture of the actual location of the boxcar than was stated in very general terms in the original complaint. While in the original complaint it was permissible for plaintiff to use general terms

362

as long as they were conclusions of fact and inferences could be drawn therefrom to support his case, a very different situation exists upon a motion to vacate a judgment. Then, before the court can be said to have abused its discretion, even assuming it had the right to allow such an amendment, plaintiff should have given the court a more detailed statement of the facts supported by affidavit so that the court could determine whether there was good reason to believe plaintiff had a case. In the instant case the amended complaint, like the original, refers to piles or stacks of hay in or about a freight yard in "juxtaposition" with public highways surrounding the place. Was the track at grade or was it elevated or depressed? How far from the public street was the car located? These and many other questions should have been more adequately presented on a motion to vacate. Instead of doing this, plaintiff treated the situation as if no judgment had been entered and all he needed to do was to call in a stenographer and dictate a new complaint, present it to the court, and thereupon get the judgment vacated. This is not sufficient.

*Judgment affirmed.*

Robson, J., concurs.
Tuohy, J., took no part.